JOHN H. BLOOD & wife *vs.* INHABITANTS OF TYNGSBOROUGH. AMOS W. WYMAN & wife *vs.* SAME.

In an action against a town for an injury from a defect in the highway, the plaintiff testified that she was driving a steady and gentle horse, which she was accustomed to drive, over a road with which she was acquainted, and down a hill about a quarter of a mile long, on which there were several water-bars, over which she knew that the horse could not trot in safety; that, thinking that she had passed them all, she allowed the horse to trot, having a rein in each of her hands, looking at the horse, keeping control of him, and having the wheels of her carriage in the regular ruts; but that she was mistaken in supposing that she had passed all the bars, and came upon a bar, which she did not see, and which overturned the carriage and caused the injury. *Held*, that this was some evidence for the jury that she was in the exercise of due care.

Two ACTIONS OF TORT on the Gen. Sts. *c.* 44, § 22, for injuries occasioned to the female plaintiffs by a defect in a highway which the defendants were bound to keep in repair.   These cases were tried together in this court, and verdicts found for the plaintiffs, before *Morton,* J., who overruled a request of the defendants for a ruling that on the evidence the plaintiffs failed to use due care at the time of the accident, and submitted that question to the jury.   The defendants alleged exceptions, the material part of which is stated in the opinion.

*T. H. Sweetser & W. S. Gardner,* for the defendants.

*D. S. Richardson,* (*G. F. Richardson* with him,) for the plaintiffs.

CHAPMAN, C. J.   At the time of the accident which caused the injury complained of, Mrs. Blood was driving the horse; and the question presented is, whether any evidence was offered

sufficient in law to authorize the jury to find that she used **due** care. If there was none, a verdict for the defendants should have been ordered by the court.

On examining the bill of exceptions it appears that there was some evidence of care on her part. She was accustomed to drive the horse, and he was steady, kind and gentle; she was acquainted with the road; she was driving down a hill about a quarter of a mile long upon which there were several water-bars in the road, and she knew the horse could not trot over them with safety; she thought she had passed them all, and then allowed the horse to go upon a trot, but she held the reins in each hand, and appears to have had control of the horse. The wheels were in the regular ruts, and she was looking at the horse. On account of her mistake in supposing she had passed all the bars, she did not see the bar that caused the accident, and the wagon was suddenly turned over by it. The jury would be authorized to find that ordinary and reasonable care was quite consistent with a mistake as to the number of water-bars, and that, taking into consideration all the circumstances of the case as stated in the bill of exceptions, and the inferences of fact to be drawn from them, the plaintiffs had sustained the burden of proof on their part. The case is unlike that of *Gilman* v. *Deerfield*, 15 Gray, 577, where there was no evidence that the plaintiff used any care. *Exceptions overruled.*