Doan, Respondent, vs. The Town of Willow Springs, Appellant.

*October 13 — November 1, 1898.*

*Appeal: Evidence: Variance: Defective highways: Negligence: Instructions: Remarks by court.*

1. In an action against a town for an injury caused by defects in a highway, it was not error to permit the plaintiff to testify that he could not, during that summer, pass from one side of such highway to the other because of obstructions in the center.

2. It was not error to permit a witness, who had described a rock in the track of such highway and its surroundings, to testify in effect that driving over it would cause a jar.

3. Nor was it a material error to permit a witness to testify that he knew the overseer of the highway district in which the injury occurred; that such overseer lived northwest of where the defect was; and that he had seen him at work that summer on the road east thereof, and had worked with him.

4. Where the defect in the highway alleged to have caused the plaintiff's injury and the location of it are so described in the complaint and the notice served on the town, with reference to well known objects, that the town could not be misled or surprised by the evidence given, a slight variance in the proof as to the place will not avail the defendant.

Doan vs. The Town of Willow Springs.

5. After a witness had testified that, just before the injury, the plaintiff had been drinking beer,— not less than five glasses, probably more,— he could not remember exactly how many, and after an objection to a question as to how many glasses, in his judgment, the plaintiff had drunk, had been sustained, the court remarked, "Evidently he has answered the question with a guess." *Held,* not a prejudicial error.

6. For a traveler to drive over a highway at a point where he knows a defect exists, without thinking thereof, is not *per se* contributory negligence.

7. It was not error, in an action for an injury caused by a rock in a highway, for the court, after giving the instruction requested by the defendant that if plaintiff at the time he was injured, "failed even in a slight degree to exercise ordinary care in driving over the rock . . . he cannot recover," to add, "The meaning of this instruction is, in fact, that he must use ordinary care, and must not to any extent have failed to come up to what is ordinary care. Since it is asked, I will say to you that what is known as slight negligence in the law will not defeat a recovery. Slight negligence means a want of that care which very prudent men exercise. Every one traveling over a highway is required to use ordinary care, . . . that is the care that the great mass of people use in traveling over the highways."

8. The statute requiring instructions to be given without change or modification, or refused in full (sec. 2853, R. S. 1878), was not intended to preclude, and does not preclude, the court from giving further and proper instruction on the same subject.

9. A town is not relieved from liability for an injury caused by defects in a highway of which plaintiff had knowledge by the fact that the overseer in charge of such highway had previously told the plaintiff to fix bad places in the highway whenever he found them and allowance would be made therefor in his taxes, and that plaintiff said he would.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *E. F. Conley* and *Spensley & McIlhon,* and oral argument by *Calvert Spensley.*

For the respondent there was a brief by *P. H. Conley* and *Orton & Osborn,* and oral argument by *P. A. Orton.*

CASSODAY, C. J.   This action was commenced August 28, 1897, to recover damages for personal injuries sustained by the plaintiff August 16, 1896, by reason of a defective highway, consisting of a stone, rock, or boulder projecting up from six to eight inches in the traveled track at a point forty rods west of the N. W. corner of the S. W. ¼ of the N. E. ¼ of section 32, town 4, range 3 E., in the defendant town.   The complaint contained the usual allegations in such cases, including notice of the defect, served November 13, 1896, and the filing of the claim with the town clerk, February 27, 1897.   The defendant answered by way of admissions, denials, and counter allegations, putting in issue whether the plaintiff was injured at the place alleged, and whether there was a defect in the highway at the place alleged.   At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $800. From judgment entered thereon in favor of plaintiff, the defendant brings this appeal.

The principles of law involved in this case are well defined and familiar to the profession, and need no repetition. The stone or rock appears to have been in the north wheel track.   The plaintiff testified that the highway was not wide enough at that point to enable him to avoid the stone; that there was a bank on each side, and a hole six or seven inches deep on the east side of the stone.   We perceive no error in allowing the plaintiff to testify that he could not pass from the north side of the highway to the south half thereof during that summer because of the brush and an old post from the fence being in the center of the road.   Nor was it error to allow a witness, after describing the stone and its surroundings, to testify, in effect, that driving over the rock either way would cause a jar.   Obviously, such would be the effect.   Another witness, after testifying, in effect, that he knew John Walsh, the overseer of the road,

and that he lived northwest of where the rock was, stated that he saw him working in the road east of the rock that summer, and worked with him. This certainly was not reversible error.

Error is assigned because the proof fails to show that the accident occurred where it is alleged to have occurred in the complaint and notice. The answer admits the existence of the public highway, the service of the notice of defect, the filing of the claim, and its disallowance, and that the plaintiff was injured at the time alleged, but states that the defendant "has no information sufficient to form a belief as to whether he was injured at the place alleged." The plaintiff testified to the effect that during 1896 he lived on his farm, thirty or forty rods east from the place where he was injured; that during that time he was acquainted with the highway between the Coogan and Fitzgerald farms,— which was the highway from which the rock in question, then in court, was taken; that the fence was moved out from the middle of the road the spring before; that during the summer of 1896 the road from the fence to the brush was a rod or a rod and a half wide; that the ground forty rods west of his northwest corner was hilly; that there was a big tree there; that a little east of the big tree was all brush; that the stone in question was about a rod northeast of the big tree, on the brow of the hill; that the highway was not wide enough at that point so that he could avoid the rock; that there was no other large rock on that hillside; that all of that stone, except eight or nine inches on the north side of it, was exposed; that there was no other place like it on the hillside. Such evidence was given without any objection. Manifestly there was no controversy as to the place where the rock was located, nor that it was located at the place alleged in the complaint and notice. There is nothing to indicate that the defendant was misled by the location of the defect, as alleged in the complaint and stated in the no-

tice served; nor that the defendant was surprised by the evidence given as to the place of the injury.   Stats. 1898, sec. 1339; *Salladay v. Dodgeville*, 85 Wis. 318.

After a witness had testified to the effect that just before the injury the plaintiff had been drinking beer,— not less than five glasses, probably more,— and that he could not remember exactly how many glasses, and the court had sustained an objection to a question as to how many glasses, in his judgment, the plaintiff had drunk, the court stated, "Evidently he has answered the question with a guess." We cannot hold that this was prejudicial error.

Nor was it error for the court to instruct the jury that the fact that the plaintiff had driven over the highway at the point in question with knowledge of its defective and dangerous condition was not conclusive in law that he was guilty of contributory negligence.   True, the plaintiff testified that he was not thinking when the accident occurred; that he did not know why, but he just happened not to be thinking; that any man was liable to go along the road without thinking of a bad place therein.   Within the repeated rulings of this court, this would not have been sufficient to justify the court in taking the case from the jury.   *Cuthbert v. Appleton*, 24 Wis. 383; *Wheeler v. Westport*, 30 Wis. 392; *Spearbracker v. Larrabee*, 64 Wis. 578; *Simonds v. Baraboo*, 93 Wis. 40.

The defendant requested the court to instruct the jury that, "if the plaintiff, at the time he was injured, failed, even in a slight degree, to exercise ordinary care in driving over the rock which has been testified to in this case, he cannot recover."   The court gave such instruction, but added the following: "The meaning of this instruction is, in fact, that he must use ordinary care, and must not, to any extent, have failed to come up to what is ordinary care.   Since it is asked, I will say to you that what is known as slight negligence in the law will not defeat a recovery.   Slight negli-

Doan vs. The Town of Willow Springs.

gence means a want of that care which very prudent men exercise. That is what the law terms slight negligence. Every one traveling over a highway is required to use ordinary care, and must come up to the standard of ordinary care, and that is the care that the great mass of people use in traveling over the highways of the country. That much care must, in all cases, be used." The statute requiring instructions to be given without change or modification, or refused in full, was not intended to preclude, and does not preclude, the court from giving further and proper instruction on the same subject. R. S. 1878, sec. 2853; *Mason v. H. Whitbeck Co.* 35 Wis. 164; *Gilchrist v. Brande,* 58 Wis. 192; *Grace v. Dempsey,* 75 Wis. 322. We perceive no error in the instruction so given.

There was no error in refusing to give the following instruction: "If you find from the evidence that John Walsh, the road overseer of the road district where the accident happened, told the plaintiff, in the spring of 1896, to fix any place in the road in question whenever he saw the same needed repairing, and he would allow him for so doing on his road taxes, and the plaintiff agreed to do so, and the plaintiff, before the accident, knew the condition of the highway where he was injured, and failed to remove the stone which has been testified to, or to make any needed repairs to the highway at that place, he cannot recover in this action for any injuries which the evidence shows he sustained, even if you find the highway was defective, or in need of repairs, at the time and place where he was injured." There is no evidence tending to prove that the plaintiff ever agreed to remove or repair the particular defect in question. The only evidence upon which to base such instruction is the testimony of the overseer of the road to the effect that he told the plaintiff, in the spring of 1896, whenever he was traveling over that road, and found a bad place, to fix it, and he

would allow him the amount on his taxes, and that the plaintiff said he would.

The verdict is supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.