(107 N. W. 49.)

---

ELLEN PYKE v. THE CITY OF JAMESTOWN.

Opinion filed February 15, 1906. Rehearing April 24, 1906.

**Pleading — Assent to Error Waives Future Objection.**

1. The rule that "acquiescence in error takes away the right of objecting to it" is applicable to errors in procedure. One who consents to an irregular method of amending a pleading cannot afterwards urge the irregularity as error.

**Municipal Corporation — Presenting Claims for Damages — City Auditor.**

2. The city auditor is the official representative of the city council for the purpose of receiving claims against the city, including claims for personal injuries.

**Same — Claim for Personal Injuries.**

3. The plaintiff delivered her verified claim for damages for personal injury to the mayor and auditor of the defendant city. The delivery of the copy to the auditor was outside of his office, and was accompanied by a statement of what the paper was and a request that it be presented at the next meeting of the council. *Held*, upon facts stated in the opinion, that the claim was "presented," within the meaning of section 2172, 2173, Rev. Codes 1899, which require such claims to be "presented to the mayor and common council."

**Negligence and Contributory Negligence — Questions for Jury.**

4. The question of the negligence of a defendant or the alleged contributory negligence of a plaintiff is primary and generally a question of fact for the jury.

**Same — When Questions for Court and Jury.**

5. The question of negligence becomes a question of law only when upon the undisputed facts reasonable men can draw but one conclusion. When reasonable minds may differ, the question is for the jury.

**Municipal Corporation — Proper Submission of Question.**

6. Upon the facts stated in the opinion, the question of the plaintiff's contributory negligence was properly submitted to the jury.

**Opinion Evidence — Expert Testimony.**

7. Questions calling for the opinion of an expert witness must be based upon facts previously stated by the witness, or upon facts testified to by others, or upon facts agreed to or assumed as true hypothetically.

**Same.**

8. A question which calls for the opinion of a physician, which is based in part upon facts not contained in the record, is improper, even though the facts are personally known to him.

**Damages — Personal Injuries — Aggravation.**

9. The aggravation of the consequences of a personal injury by the use of opiates, taken under the direction of a reputable physician to alleviate the pain resulting from the injury, is not a defensive fact in an action to recover damages for the injury. The necessity for the use of the opiates arises in such case from the negligent act causing the injury, and not from any negligence of the person injured.

Appeal from District Court, Stutsman county; *Burke, J.*

Action by Ellen Pyke against the City of Jamestown. From a judgment for plaintiff defendant appeals.

Affirmed.

*F. G. Kneeland* and *S. L. Glaspell,* for appellant.

The amendment of a pleading is by rewriting it, leaving out such allegations and inserting such others as the pleader may desire. Satterlund v. Beal, 1 N. D. 122, 95 N. W. 518.

Where one knows of a defect in a sidewalk, it is contributory negligence not to remember and avoid the danger, unless satisfactory excuse is given for forgetting it. Beach on Contributory Negligence, 257; Lyon v. City of Grand Rapids, 99 N. W. 311; Collins v. City of Janesville, 87 N. W. 241; Bender v. Town of Minden, 100 N. W. 352; Tuttle v. Town of Clear Lake, 102 N. W. 136; Beach on Cont. Neg. 39; Gilman v. Deerfield, 15 Gray, 577; Baltimore Ry. Co. v. Whitacre, 35 Ohio St. 627; Bruker v. Town of Covington, 69 Ind. 33, 35 Am. Rep. 202; Kewanee v.

Depew, 80 Ill. 119; City of Erie v. Magill, 101 Penn St. 601, 47 Am. Rep. 739; Walker v. Town of Reidsville, 2 S. E. Rep. 74; C. R. I. & P. R. R. Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Schefler v. Sandusky, 33 Ohio St. 246; Hudon v. Little Falls, 71 N. W. 678; Dillon on Mun. Corp. (4th Ed.) 1007, 1026; Wilson v. Charlestown, 8 Allen, 137; Parkhill v. Town of Brighton, 15 N. W. 853; Elliott on Roads and Streets, 472.

Presentation of a claim for damages to the mayor and common council is a condition precedent to an action for damages. Elliott on Roads and Streets, 475; 20 Enc. Pl. & Pr. 1231; 4 Enc. Pl. & Pr. 659; Gay v. Cambridge, 128 Mass. 387; Schmidt. v. City of Fremont, 97 N. W. 830.

Claim must be, presented to the council in session. Coleman v. City of Fargo, 8 N. D. 69, 76 N. W. 1051; Whalen v. Bates, 33 A. 224; Hiner v. City ᴧᵗ Fondulac, 36 N. W. 632; Selden v. Village of St. Johns, 72 N. W. 991; Doyle v. City of Duluth, 76 N. W. 1029; City of Denver v. Saulcey, 38 Pac. 1098; Wilton v. City of Detroit, 100 N. W. 1020; Rhoda v. Alameda Co., 52 Cal. 350; Reining et al. v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80.

Delivery of papers to an officer out of his office is not filing the same. Peterson v. Village of Cokato, 87 N. W. 615; 8 Enc. Pl. & Pr. 924; Schulte v. Bank, 34 Minn. 48; Gates v. State, 128 N. Y. 221, 28 N. E. 373.

Whether an affidavit was sworn to was a question of fact to be proved as any other question of fact, by competent testimony. Bantley v. Finney et al., 62 N. W. 213.

The certificate of a notary is presumptive evidence of its contents. Smith et al. v. Johnson et al., 62 N. W. 217.

A physician who has treated a person, administered drugs, etc., to her, is competent to express an opinion as to the condition of such person. Rogers on Expert Testimony (2d Ed.) 121, 161.

If a statement of facts is according to testimony and contains those essential to the proponent's theory, it is a proper basis for opinion evidence. Rogers on Expert Testimony, 65; Herpolsheimer et al. v. Funke, 95 N. W. 688; Wharton on Evidence (3d Ed.) 441.

*S. G. Cady* and *John Knauf,* for respondent.

If the error exists in not rewriting, serving and filing an amended complaint, it is an "invited error," and cannot be availed of. Davis v. Dunlevy, 53 Pac. 250; Olsin v. Teeford, 34 S. E. 168;

American Grocery Co. v. Kennedy, 28 S. E. 251; North Texas Bridge Co. v. Coleman, 58 S. W. 101; Walton v. Chicago Elec. Ry. Co., 56 Fed. 1006.

Where a party agrees to the manner in which his rights shall be submitted to the trial court, he cannot complain on appeal. Judge v. French, 3 S. & P. 263; Green v. Taney, 3 Pac. 423; Crab v. Mickels, 5 Ind. 145; Haggard v. Atlie, 1 Greene, 44; Wiscomb v. Cubberly, 33 Pac. 320; Harris v. Loyd et al., 28 Pac. 736; Perego v. Dodge et al., 163 U. S. 160, 41 L. Ed. 113; 16 Sup. Ct. Rep. 971; Mai v. Herdenhemer, 63 Texas, 304; Mertend v. Roche, 57 N. Y. Supp. 349; Graham v. Rooney, 42 Iowa, 557.

Where an error results in no prejudice there will be no reversal. Belt v. Farrow, 83 Ga. 695; Kissel v. Lewis, 156 Ind. 233; Gregg v. Berkshire, 62 Pac. 550; Hewan v. Morris, 96 Fed. 703; Cooney v. Lowenthal, 61 Pac. 940; Van Patters v. Burr, 7 N. W. 522; Pittsburg v. Broderson, 62 Pac. 5; Bannan v. Warfield, 42 Md. 22; Gray v. Smith, 83 Fed. 824; Walker v. Beever, 50 Iowa, 504; Lyons v. Red Wing, 78 N. W. 868; Smith v. Smith, 57 N. Y. Supp. 1122; Whitehall v. Crawford, 37 Ind. 147.

Previous knowledge of a defect in sidewalk or highway does not always constitute contributory negligence barring a recovery, as each case must be controlled by its own circumstances, and if the question is not free from doubt, it is for the jury to determine. Linnver v. Gillilan, 24 N. W. 44; N. & N. R. Co. v. Bailey, 9 N. W. 50; Alexander v. City of Big Rapids, 42 N. W. 1071; Shaw v. Soline Twp., 71 N. W. 642; S. C. & P. R. R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745; Lowell v. Township of Waterton, 25 N. W. 517; City of Altoona v. Lutz, 60 Am. Rep. 346; Finn v. City of Adrian, 53 N. W. 614; Morrill on City Negligence, 139; Smith v. Ryan, 29 N. Y. S. R. 672; Fort Wayne v. Breese, 123 Ind. 581.

Whether respondent exercised due care is one of the facts for the jury. 15 Am. & Eng. Enc. Law, 466; Kingsley v. Morse, 40 Ark. 577; Robinson v. Commonwealth, 22 Vt. 213; McQuillean v. Seattle, 45 Am. St. Rep. 800; Talbot v. Taunton, 140 Mass. 552; George v. Halvorson, 110 Mass. 506; Barton v. Springfield, Id. 131; Reed v. Northfield, 13 Pick. 94; Dwire v. Bailey, 131 Mass. 170; Stoker v. Minneapolis, 32 Minn. 478; Collins v. City of Janesville, 87 N. W. 241; Barry v. Ferdildsen, 72 Cal. 254.

It is enough that respondent used the same walk in the same manner as persons of ordinary prudence would. Hill v. Seekonk, 119 Mass. 85; Hawks v. Inhabitants of Northampton, 121 Mass. 10; Woods v. City of Boston, 121 Mass. 337; Weare v. Fitchburg, 110 Mass. 334; Kelley v. Blackstone, 147 Mass. 448; Mahoney v. Met. R. R. Co., 104 Mass. 73; Thomas v. W. W. Tel. Co., 100 Mass. 156.

The fact that plaintiff knew of the condition of the walk two or three weeks before the accident and yet passed that way is not conclusive evidence of negligence. Dotton v. Albion, 57 Mich 477; Clinton v. Harris, 64 Mich. 477; Reed v. Northfield, 13 Pick. 94; Frost v. Waltham, 12 Allen, 85; Whittaker v. West Boylston, 97 Mass. 273; Looney v. McLean, 129 Mass. 33; Walker v. Decatur Co., 67 Iowa, 307; Kendall v. Albia, 73 Iowa, 341; Village of Orleans v. Perry, 40 N. W. 417; Larsh v. City of Des Moines, 74 Iowa, 512, 38 N. W. 384; Mill Creek Twp. v. Perry, 10 Cent. Rep. 299; Shook v. City of Cohoes, 108 N. Y. 648, 15 N. E. 531; Strong v. Sacramento & P. R. R. Co., 61 Cal. 326; Klanowski v. Grant T. R. R. Co., 57 Mich. 528.

Momentary forgetfulness is not necessarily conclusive proof of contributory negligence. Kelly v. Blackstone, 9 Am. St. Rep. 730; Malloney v. City of St. Paul, 54 Minn. 398, 56 N. W. 94.

Filing notice of claim with city auditor is a sufficient presentation to the "common council." Roberts v. Village of St. James, 79 N. W. 519; Doyle v. City of Duluth, 76 N. W. 1029; Bacon v. City of Antigo, 79 N. W. 31.

A paper is filed when delivered to the proper official, and by him received to be kept on file. Bouvier's Law Dict. 782; Stone v. Crow, 51 N. W. 335; Beebe v. Morrill, 76 Mich. 114; Bishop v. Cook, 13 Barn. 326; Lamson v. Falls, 6 Ind. 309; Pinders v. Yager, 29 Iowa, 468; Tregombo v. Comanche Mill & Milling Co., 57 Cal. 501.

A magistrate's certificate is conclusive as to the matter therein, except for fraud or mistake of officer. Davis v. Jenkins, 40 Am. St. Rep. 197; Heeter v. Glasgow, 21 Am. Rep. 46; Kerr v. Russell, 69 Ill. 666.

Opinion testimony must be based upon a clear statement of assumed facts, and these based upon all of the testimony when undisputed, or if disputed, upon that which counsel claims to be true according to his theory of the case. Commonwealth v. Rogers,

7 Metc. 500, 41 Am. Dec. 458; Jefferson Ins. Co. v. Cotheal, 7 Wend. 72, 22 Am. Dec. 567; Re Barber's Estate, 22 L. R. A. 90; Turner v. Twp. of Ridgeway, 105 Mich. 409, 63 N. W. 406; Dickenson v. Fitchburg, 13 Gray, 546.

The truth of facts appearing in the evidence according to the theory of the examiner is assumed. Rivard et al. v. Rivard et al., 66 N. W. 681; Moore v. C. M. & St. P. Ry. Co., 47 N. W. 273; Kerr v. Lundsford et al., 31 W. Va. 659, 2 L. R. A. 668; Louisville N. A. & C. R. Co. v. Shires, 108 Ill. 617; Central Branch Union Pac. R. Co. v. Nichols, 24 Kan. 242; Murphy v. Marston Coal Co., 183 Mass. 385, 67 N. E. 342.

Facts should be stated hypothetically and call for the opinion based thereon. Dexter v. Hall et al., 15 Wall. 9, 21 L. Ed. 73, 79; People v. Harris, 136 N. Y. 423, 33 N. E. 65; C. & A. R. Co. v. Glenny et al., 175 Ill. 238, 51 N. E. 896; Fuller v. City of Jackson et al., 92 Mich. 197, 52 N. W. 1075.

YOUNG, J. The plaintiff recovered a verdict for $5,000 for personal injuries sustained through a fall which was caused by a defective sidewalk upon one of the defendant's streets. A motion for judgment notwithstanding the verdict or for a new trial was made and denied. The defendant has appealed from the order overruling its motion, and also from the judgment.

The first assignment of error is based upon the refusal of the trial court to grant defendant's motion for a directed verdict. The motion was upon three distinct grounds: "(1) That there is no complaint served or filed in this action; (2) that there is no allegation in the pleading and no evidence to prove any presentation of a claim for damages, as provided by sections 2172 and 2173 of the Revised Codes of 1899, to the mayor and common council of the city of Jamestown; (3) that it is shown by plaintiff's evidence that she was guilty of contributory negligence." The questions presented by the above assignment (and they are the ones chiefly relied upon for reversal) will be considered in the order stated in the motion.

The question presented under the first ground of the motion, i. e., the claim that no complaint was served or filed in the action, is not fairly disclosed in the motion.

It refers to an amendment of the complaint and relates wholly to an irregularity in procedure. The record shows that the action was regularly commenced by the service of a summons and com-

plaint, which were filed, and in due time the defendant served and filed its answer. When the case was called for trial counsel for defendant objected to the introduction of any evidence under the complaint, upon the ground that two of its allegations were insufficient in certain particulars, which were pointed out in the objection. The objection was sustained, and leave was given to the plaintiff to amend to cure the alleged defects, and a recess of 15 minutes was taken for that purpose. When court reconvened the presiding judge inquired of plaintiff's counsel whether he had amended the complaint, to which the latter replied, "Not as yet," and began reading a proposed amendment from a paper in his hands, when he was interrupted by counsel for defendant with a demand "that the proposed amendment be dictated to the stenographer," and, in pursuance of this demand and under the direction of the court, this was done. Counsel for defendant then "orally demurred to the amended complaint, which demurrer was dictated to the stenographer." Counsel for appellant caused the amendment and the demurrer to be transcribed, and they are contained in the statement of the case. After the demurrer was overruled "defendant's counsel asked the court to permit the former answer filed in the case to stand as the answer to the amended complaint, which request was granted." The trial then proceeded, and continued until verdict, without specific objection on the part of the defendant's counsel to the irregular manner pursued as to the amendment. Two days after the verdict was rendered, and before the entry of judgment, the trial court made an order which recited the allowance of the amendment at the trial, and directed that it be written out and filed, and that when so filed it should have the same force and effect as if written out and filed when the objection was made. In pursuance of this order the amendment was written out and verified and served upon defendant's counsel and filed. Upon this state of facts it is apparent that the defendant cannot urge the irregularity as error. One of the cardinal maxims of jurisprudence, and it is declared by section 5078 of our Code of 1899, is that "acquiescence in error takes away the right of objecting to it." This rule is well stated in Rogers v. Cruger, 7 Johns. (N. Y.) 611, as follows: "If a party after an irregularity has taken place, consents to a proceeding which, by insisting on the irregularity, he might have prevented, he waives all exception to the irregular-

ity. This is a doctrine long established and well known. 'Consensus tollit errorem' is a maxim of the common law and the dictates of common sense." Rogers v. Cruger, 7 Johns. (N. Y.) 557, 611. The following cases illustrate the application of the rule to errors and irregularities in procedure: Yates v. Russell, 17 Johns. (N. Y.) 461; Watkins v. Weaver, 10 Johns. (N. Y.) 107; Farrington v. Hamblin, 12 Wend. (N. Y.) 212; George L. Co. v. Strong, 3 How. Prac. (N. Y.) 246; Webb v. Mott, 6 How. Prac. (N. Y.) 439. It is true counsel coupled with other objections to certain evidence the objection that it was "inadmissible · under the pleadings;" but this did not disclose the real objection, and it was not an objection that the complaint had not been regularly amended and that defendant objected to proceeding further with the trial until it had been so amended, and this is also true as to the motion for a directed verdict. The defendant's counsel made no demand that the complaint be written out, served and filed, and did not fairly apprise either the court or opposing counsel that they withdrew their consent to the method of amendment in which they had acquiesced. Had they done so, no doubt the ground of objection would have been removed by a regular amendment. If it be conceded, therefore, that the error was one which, in any case, is available as ground for a directed verdict, still it follows from the reasons above stated that in this case defendant had forfeited its right to urge it.

The second ground of the motion, the alleged failure of plaintiff to present her claim for damages in accordance with the requirements of section 2172 and 2173, Rev. Codes 1899, presents a more serious question. These sections, so far as material, read as follows:

"2172. All claims against cities for damages or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any * * * sidewalk, * * * shall within sixty days after the happening of such injury or damage, be presented to the mayor and common council of such city by a writing signed by the claimant, and properly verified, describing the time, place, cause and extent of the damage or injury.

"2173. No action shall be maintained against any city as aforesaid for injuries to person or property unless it appears that the claim for which the action was brought was presented to the mayor and common council as aforesaid * * * and that the

mayor and common council did not within sixty days thereafter audit and allow the same."

The succeeding section (2174) declares that the failure to make presentation of a claim in the manner prescribed, "for audit and allowance within said sixty days," shall be a sufficient bar and answer to any action against the city. The question is whether the evidence shows that the claim was "presented," within the intent and meaning of the above provisions. The facts are as follows: On March 27th, after the accident, the plaintiff, who was then at Oakes, for the purpose of complying with the above section caused her attorney, S. G. Cady, to prepare a written statement of her claim against the defendant, and she signed and verified three copies of the same, and the following day Cady went to Jamestown for the purpose of presenting the same. He presented one copy to the mayor and one copy to the city auditor. The copy presented to the mayor was delivered at his office. The copy delivered to the auditor was delivered upon the street. Accosting that officer, he inquired whether he was the city auditor, and, receiving an affirmative answer, he gave him the copy, informed him what it was, and stated that he desired to have it presented at the next meeting of the city council. The claim was addressed: "To the City Council of the City of Jamestown, N. D." The mayor testified that he submitted the copy he received to Mr. Thorp, the city attorney. He also testified that "the notice was not discussed or presented to the council at any time." Two aldermen testified to the same effect. The present city auditor testified that he could find no copy of the claim among the records and no entry in reference thereto. The auditor to whom the claim was presented died in the following December. His wife testified that at the time this claim was presented and previous thereto she did the clerical work in his office, and that it was the custom of the office to mark claims against the city as filed, and to place them in a box called "the live box," and take them to the meetings of the city council; that she was absent from Jamestown at the time this claim was presented and for a month thereafter.

Counsel for appellant contend that these facts do not show compliance with the statute above referred to. We are of opinion that the presentation was sufficient. The manifest purpose of the statute is to protect cities from the unnecessary expense and the annoyance of legal proceedings until claims against them can

be investigated. The person injured must present his claim within 60 days from the date of the injury, during which period the facts are fresh and ascertainable. The city is given 60 days thereafter in which to inform itself as to the merits of the claim and determine whether it will audit and allow it. If not allowed at the end of that period, the party injured may pursue his remedy by action. Statutes having the same end in view are found in a number of states. Some require notice of the claim to be served upon the city attorney, some upon the mayor, while others require the claim to be filed. Our statute, as will be seen, does not, in terms, require either service or filing. It merely requires that the claim shall be "presented to the mayor and common council," and it does not state how it shall be presented. As this court said in Coleman v. City of Fargo, 8 N. D. 69, 76 N. W. 1051: "The statute governing the presentation of this class of claims has not attempted to prescribe the manner of the presentation, nor to indicate the person who shall present them, or the particular channel through which the claims are to be presented. In the absence of statutory regulation, the claimant is wholly unrestricted with respect to the manner of presenting his claim, and may choose any manner which suits his convenience, provided, always, that his claim is presented in proper form and within the statutory time, to the proper body." In this case there was a proper and sufficient presentation of the claim to the mayor. The only question is whether the delivery of the copy to the mayor and the city auditor satisfies the requirement of the statute that the claim shall be presented "to the mayor and common council." We are of opinion that it does. The city auditor has charge of all papers and records of the city and attends upon and keeps a record of the proceedings of the city council (section 2168, Rev. Codes 1899), and is the first officer who has a duty to perform in reference to claims against the city. The auditor is the proper official channel through which all claims and demands reach the city council, and is the official representative of the city council for receiving all claims and demands against the city, including claims for personal injuries. Where a copy of the claim is delivered to the mayor and to the auditor, as in this case, the purpose of the statute is accomplished. If the auditor neglects his duty to call the council's attention to the claim, it is a neglect of a duty which he owes to the city, and not a neglect of a duty which he

cwed to the claimant. The claimant has performed his duty when he has delivered the copy of his claim to the mayor and to the auditor, who is authorized to receive it on behalf of the council.

As to the contention that the claim must be directly presented to the council in session, it is perhaps sufficient to say that the statute does not so specify. No particular mode of presenting having been designated, it is our duty to give the statute a practical construction, so as to carry out its purpose. A delivery of the claim to the mayor and to the auditor accomplishes this result. To require a presentation to the city council in session would often deprive the claimant of the benefit of the full 60-day period for making presentation, and, by failure to meet, the council could make it entirely impossible for the claimant to make presentation. For reasons similar to those which control our conclusion, the Supreme Court of Minnesota held, in Doyle v. City, 74 Minn. 157. 76 N. W. 1029, that a statute which required the giving of notice to a city council and the presentation of the claim to the council is sufficiently complied with by giving the notice to the clerk of that body. The court said: "There is no practical difficulty in giving notice to the council. It may be directed to the council and left with the clerk or officer who has charge of the records and files of the council, with a request annexed that it be laid before the council at the next meeting. This would be the orderly and practical way of giving notice to the council or other governing body." This case was approved in Lyons v. Red Wing, 76 Minn. 20, 78 N. W. 868, and Peterson v. Village (Minn.) 87 N. W. 615. See, also, Parish Adm'r.v. Town, 62 Wis. 272, 22 N. W. 399, and Mason v. City (Wis.) 74 N. W. 357. In the case last cited the court said "that the only orderly way by which a claim can be presented to a common council for its action is by filing the same with its clerk. When so filed it is, in legal effect, presented to the common council." The fact that the notice of claim was presented to the auditor outside of his office, and does not now appear among the files of his office, does not, on the facts of this case, warrant us in holding that it was not delivered and received by him officially. The notice of claim was directed "to the mayor and city council." He was informed what the paper was, and it was delivered to him with the statement that the claimant desired to have it presented at the next meeting of the council. He could properly have refused to accept it outside of his office. He chose

to accept it elsewhere, and his acceptance was none the less official because of that fact. The act was not one which had to occur in his office in order to make it official and valid. On this point see the opinion of Judge Caldwell in Bank v. Batchelder Co., 51 Fed. 130, 2 C. C. A. 126, 4 U. S. App. 603. Statutes which designate the particular manner of presentation, i. e., by service upon a particular officer, or by filing in a certain office, must, of course, be complied with. Our statute merely requires the claim to be presented. For the reasons above stated, we are constrained to hold that the presentation in this case was sufficient.

No error was committed in overruling the third ground of the motion. The plaintiff is a professional nurse. At the time of the accident she was engaged in the practice of her profession in the city hospital of Jamestown. The accident occurred while she was going from the hospital to the business part of the city upon an errand. The defendant's contention that plaintiff was guilty of contributory negligence is based upon the following testimony elicited upon her direct and cross-examination: "In coming up town from the city hospital on the evening of March 1, 1903, my right foot went into a hole in the sidewalk and threw me forward on my right side [describing her injury]. This was on Main street, between first and Second avenues, between 70 and 80 feet from Second avenue. It was somewhere between half past 7 and 8 o'clock in the evening. I remember that it was very cold and stormy the night I received the injury. I was walking the ordinary rate; the usual pace we would take on a cold evening; was not running. A portion of the plank on the right side of the center beam was out, and it was in that hole my foot went. I never measured the width of the hole, and cannot estimate its width. It was as wide as the plank that was out. It was large enough for my foot to get into. I usually walk back and forth from the hospital to town. I recall two occasions. The last one was two or three weeks before the accident. I had noticed the sidewalk was greatly out of repair. I cannot say that I noticed this particular place. I know that these planks were gone for some time before I fell. I remember there were defective places in the sidewalk. I drove to the place of injury on April 14 or 15, 1903, with my husband. I remembered the place after going back and examining it. I had not noticed the place any more particularly than I did the other places. I had noticed it along

with the other places. I knew the particular defect existed in the
sidewalk. I knew there was more than one place in the sidewalk.
After examining it I remembered there was a place there. I re-
member that I noticed it two or three weeks before the accident.
* * * Do you remember noticing any other places where the
plank was gone on the right hand of the center beam? A. No;
well, I did notice places that became very impressive after, the
accident. Q. Did you think of that while you were walking on
the sidewalk before you fell? A. No. Q. Were you walking
fast·at the time? A. About the usual pace one would take on a
cold evening. Q. How cold was it that evening? A. Quite cold.
Q. Was there a wind blowing? A. I don't remember. Q. It was
a dark night? A. It was starlight."

Appellant's counsel contend that it was the duty of the trial court,
upon the foregoing testimony, to hold, as a matter of law, that
plaintiff was guilty of contributory negligence. We cannot agree
to this contention. The question of negligence, whether it be of a
defendant or the alleged contributory negligence of a plaintiff,
is primarily and generally a question of fact for the jury. The
question becomes one of law ,authorizing its withdrawal from the
jury, only when but one conclusion can be drawn from the un-
disputed facts. "If the undisputed facts are of such a character
that reasonable men might draw different conclusions or deduc-
tions therefrom, then the question of negligence must be submitted
to the jury." Heckman v. Evenson, 7 N. D. 173, and cases cited
on page 182, 73 N. W. 427, page 430. Also R. R. Co. v. Stout,
17 Wall. 657, 21 L. Ed. 745. The plaintiff was required to exercise
such care as the condition of the street and her knowledge of it
made reasonable under the circumstances. A traveler is not re-
quired to forego traveling upon a sidewalk because he has knowl-
edge that it is defective. He has, as a general rule, a right to
assume that it is safe, and when he is injured as a consequence
of a defect of which he had previous knowledge, the mere fact of
previous knowledge does not per se establish contributory negli-
gence. And this is also the rule when previous knowledge is
coupled with absence of thought concerning the defect at the time
of the injury, or momentary forgetfulness of it. Previous knowledge
of a defect and forgetfulness of it are important facts to be con-
sidered in connection with all other circumstances in determin-
ing whether the party injured was exercising reasonable care. But

it is not negligence, as matter of law, for a person who has knowledge of a defect not to remember it at all times and under all circumstances. The foregoing rules, which are founded upon reason and experience, are of general acceptance. Cuthbert v. City, 24 Wis. 383; Wheeler v. Town, 30 Wis. 392; Spearbracker v. Town, 64 Wis. 573, 25 N. W. 555; Simonds v. City, 93 Wis. 40, 67 N. W. 40, 57 Am. St. Rep. 895; Doan v. Town, 101 Wis. 112, 76 N. W. 1104; Driscoll v. Mayor, 11 Hun. (N. Y.) 101; Bassett v. Fisk, 75 N. Y. 303; Weed v. Village, 76 N. Y. 329; Whittaker v. Inhabitants, 97 Mass. 273; Blood v. Inhabitants, 103 Mass. 509; Weare v. Inhabitants, 110 Mass. 334; Kelly v. Inhabitants, 147 Mass. 448, 18 N. E. 217, 9 Am. St. Rep. 730; Dwyer v. City, 19 Utah, 521, 57 Pac. 535; Dempsey v. City, 94 Ga. 420, 20 S. E. 335; Ouverson v. City, 5 N. D. 281, 65 N. W. 676, See, also, 5 Thompson on Negligence, section 6266, and cases cited.

Cases may be readily imagined, and many of them will be found in the books, in which the defect is so conspicuous and its existence and dangerous character so well known to the person injured, and his opportunity for seeing and avoiding it so manifest, that reasonable minds would agree that he was not in the exercise of reasonable care in failing to avoid it. In such cases it has frequently been said that the previous knowledge and the failure to remember constitute contributory negligence. The following may be cited as illustrative cases of this class. Gilman v. Deerfield, 15 Gray (Mass.) 577; Bruker v. Covington (Ind.) 35 Am. Rep. 202; C. R. I. & P. Ry. So. v. Houston, 95 U. S. 697, 24 L. Ed. 542; City v. Magill (Pa.) 47 Am. Rep. 739; Bender v. Minden (Iowa) 100 N. W. 352. It will appear from the statement of facts already made that this case does not belong to the above class. The defect which caused plaintiff's injury was not of such a character that a traveler passing over it infrequently would necessarily and permanently charge his memory with its existence and exact location The plaintiff's previous knowledge of it was at most very indefinite. Nothing unusual had occurred to cause her to charge her memory as to it. It does not appear that the defect was especially noticeable, even in daylight, and it does not appear that on the night of the injury it was readily observable, if it could be seen at all. The accident occured between half past 7 and 8 o'clock in the evening. The night was cold and disagreeable. It was apparently dark, for it was starlight. The plaintiff was going upon an er-

rand, and she was walking at the pace one usually walks on such a night. Under the circumstances, it cannot be said that but one conclusion can be drawn. The jury found that she exercised reasonable care, and we cannot say, upon the facts above stated, that there is no basis for that conclusion.

The plaintiff, after testifying in cross-examination to the time, place and circumstances of the execution of the notice of claim and that it was read to her, that she signed it and swore to it before the notary public who prepared it, was asked this question: "Did you take an oath?" Her counsel interposed an objection upon the ground that the question called for secondary evidence, claiming that the notice itself was the best evidence. The objection was sustained, and the ruling is assigned as error. It is not necessary to determine whether the ruling was erroneous, for it is quite clear, in any view, that it was without prejudice. If, by this question, the defendant's counsel meant to inquire whether the plaintiff in fact swore to the statement, it was a mere repetition of a previous question, which the witness had answered in the affirmative. If counsel sought to ascertain the particular manner in which she verified it, his purpose was not fully disclosed by the question, for in any event it is the fact of verification, and not the manner, that is controlling. The notary's jurat shows that it was regularly verified. The plaintiff testified that she swore to it, and in this she is corroborated by the testimony of the notary. It is undisputed that the plaintiff and the notary understood that everything was done that was necessary to complete the oath. This was sufficient. An inquiry on the particular method pursued to accomplish this result was not material. Dunlap v. Clay, 65 Miss. 454, 4 South. 118.

Error is also assigned upon the court's action in sustaining the objection of plaintiff's counsel to three questions propounded to Dr. Sifton, who was a witness for defendant. A consideration of these assignments requires a preliminary statement. The plaintiff alleged in her complaint, among other things, "that out of and arising from the injuries to her body and nerves, her nervous system was so shocked that thereafter she became insane and was by the board of insanity commissioners of Stutsman county committed to the state hospital for the insane, where she remained as a patient for two months, and that owing to her injury her mind has never been permanently cured, and that her mind will

always remain weak and affected thereby." The record shows that after plaintiff was injured she was treated or examined at different times by at least five physicians, Drs. Boardman, Moore, Rankin, Hill and Sifton, all of whom testified in the case. It appears that from March 1st, the date of the injury, until April 14th or 15th, the plaintiff remained at the hospital at Jamestown. On the above date she went to Oakes, and while there was treated for 10 days or more by Dr. Boardman. While at the hospital and at Oakes her treatment included the taking of opiates, chiefly morphine, often in large doses, which was made necessary by the great severity of the pain which she suffered. This was particularly true while she was being treated by Dr. Boardman. During this time she had violent spasms, and he testified that at such time he gave her three or four doses of morphine to quiet her. After three weeks of treatment at Oakes she became insane, and on July 8th was committed to the state insane asylum. Dr. Moore, the superintendent of that institution, testified that she had no stated form of insanity or hallucination; that her mind was weak and her memory poor and weak. Dr. Rankin, the examining physician for the insanity board, testified that he reported at the time she was committed that her insanity "was due to an overindulgence in opiates, possibly to overwork," and that he was still of that opinion. Dr. Sifton was called to see the plaintiff at the hospital at the time of her injury. He testified as follows: "I gave her one dose of morphine—one-half grain. One-fourth grain is a fair dose. I did not prescribe for her, and never told her to take anything whatever. * * * Where one-half grain of morphine has no more effect upon a patient than it did upon her, there is one of two things: Either she was accustomed to taking morphine, or the pain was very, very severe. * * * And the reason, in my opinion, that the one-half grain dose of morphine had no effect upon her was the severe pain which she was suffering at the time." This witness does not remember that he prescribed for her or gave directions for her treatment at any other time. Towards the close of his testimony he was asked the following questions: "Q. From your knowledge of the plaintiff at that time and your observation of her at different days, when you visited the hospital, and your experience on that night, do you have any opinion as to whether or not she was accustomed to taking morphine in excessive quantities? A. Yes, sir; I have an opinion.

Q. Will you state what that opinion is?" This was "objected to as incompetent, irrelevant and immaterial; no proper foundation laid." The objection was sustained, and this is assigned as error. In our opinion no error was committed. The witness had previously stated that his opinion was that she was not accustomed to taking morphine. But the question itself was clearly improper. It called for the opinion of the witness, and no proper foundation was laid for it. A physician may, in testifying as an expert, give his opinion upon facts resting in his own knowledge, or upon facts testified to by other witnesses, but, in the former as well as the latter case, the facts upon which the opinion is based must appear in the evidence. The rule is that such questions must be based upon facts previously stated by the witness, or upon facts testified to by others, or upon facts agreed to, or assumed as true hypothetically. The rule must be adhered to, for otherwise there is no basis upon which the jury can measure the value of the opinion. The above question calls for the witness' opinion, not only from his knowledge derived at the time he gave her the half grain of morphine, but also from knowledge derived from his observation of her on different days at the hospital. There is no evidence in the record that he visited the hospital or saw her on any other occasion than that above stated. A very material part of the facts upon which his opinion was asked not appearing in evidence, the question was improper. Kinney v. Brotherhood of American Yeomen, 15 N. D. 21, 106 N. W. 44; 2 Jones on Evidence, 377; Burns v. Barenfield, 84 Ind. 43; Hitchcock v. Burgett, 38 Mich. 501; Van Deusen v. Newcomer, 40 Mich. 90; 5 Enc. of Evidence, 610.

The two additional questions which were asked of the witness, and to which objections were sustained, called for his opinion as to the effect the use of morphine in doses similar to those administered by Dr. Boardman would have upon the mental faculties, and whether the continued use of morphine will ever produce insanity. The apparent purpose of these questions was to show that the plaintiff's insanity resulted from the use of morphine taken after her injury. Whether the questions were proper we need not determine, for it is apparent that no prejudice resulted. There is no evidence in the record that prior to her injury the plaintiff was addicted to the use of morphine. Her use of morphine after the injury was under the advice and direction of reputable physicians. If its use under such circumstances in fact aggravated the

effect of her injury and was the cause, in whole or in part, of her temporary mental derangement, still that fact avails the defendant nothing; for the necessity for the use of drugs to alleviate the pain arose from the injury caused by defendant's negligence, and is not attributive to any fault on the part of the plaintiff, and this would be true even if the physicians had erred in their treatment. Collins v. Council Bluffs, 32 Iowa, 324, 329, 7 Am. Rep. 200; Sauter v. N. Y. Cent. & H. R. Ry. Co., 66 N. Y. 50, 23 Am. Rep. 18; Lyons v. Erie Ry. Co., 57 N. Y. 489; Wharton on Negligence, section 134. The record shows, however—and in this the physicians agree—that the plaintiff was treated in accordance with the rules of practice of medicine as prescribed by the physicians of this state.

Finding no prejudicial error in the record, it follows that the judgment and order must be affirmed, and it is so ordered. All concur.