## ESTHER WHITNEY v. CARL RITZ.

### (151 N. W. 762.)

Defendant was the owner of a stallion which escaped and injured the plaintiff.

**Evidence — sufficiency of — verdict — to sustain.**

1. Evidence examined, and *held* sufficient to sustain the verdict of the jury in favor of the plaintiff.

**Instructions.**

2. Instructions examined and found to be without error.

Opinion filed February 26, 1915.

Appeal from the District Court of Morton County, *Nuchols, J.*
Affirmed.

*Oliver Leverson (Newton, Dullam, & Young,* of counsel), for appellant.

Liability is always contingent upon proof of negligence, in an action for damages against the owner of a domestic animal. 1 Thomp. Neg. §§ 841, 845; Fletcher v. Rylands, L. R. 1 Exch. 279, L. R. 3 H. L. 330, 6 Mor. Min. Rep. 129, 1 Eng. Rul. Cas. 235; Brown v. Collins, 53 N. H. 442, 16 Am. Rep. 372; Brown v. Kendall, 6 Cush. 292; 2 Greenl. Ev. §§ 85, 92; Wakeman v. Robinson, 1 Bing. 213, 8 J. B. Moore, 63, 2 Chitty, 639; Davis v. Saunders, 2 Chitty, 639, 1 Eng. Rul. Cas. 203; Comyns's Dig. Battery, a, Day's ed. and notes; Vincent v. Stinehour, 7 Vt. 62, 29 Am. Dec. 145; James v. Campbell, 5 Car. & P. 372; Alderson v. Waistell, 1 Car. & K. 358.

The keeper of a stallion is bound to know the propensities of stallions in general, and to use such degree of care as the nature of the animal may require to avoid injuries; but he is under no obligation to guard against injuries which he has no reason to expect. Hammond v. Melton, 42 Ill. App. 186, 1 Am. Neg. Cas. 274; Meredith v. Reed, 26 Ind. 334, 1 Am. Neg. Cas. 283; Maloney v. Bishop, — Iowa, —, 2 L.R.A.(N.S.) 1188, 105 N. W. 407, 19 Am. Neg. Rep. 230; Earle v. Van Alstine, 8 Barb. 630; Moynahan v. Wheeler, 117 N. Y. 285, 22 N. E. 702, 1 Am. Neg. Cas. 26; Vrooman v. Lawyer, 13 Johns. 339;

Weide v. Thiel, 9 Ill. App. 223; DeGray v. Murray, 69 N. J. L. 458, 55 Atl. 237, 14 Am. Neg. Rep. 396; Hayes v. Smith, 62 Ohio St. 161, 56 N. E. 879, 7 Am. Neg. Rep. 493.

The escape of the horse does not in itself show negligence. If the horse becomes unmanageable without fault of the defendant, he cannot be held liable. Trow v. Thomas, 70 Vt. 580, 41 Atl. 652; Groom v. Kavanagh, 97 Mo. App. 362, 71 S. W. 362; Lynch v. Kineth, 36 Wash. 368, 104 Am. St. Rep. 958, 78 Pac. 923; Metropolitan Casualty Ins. Co. v. Clark, 145 Wis. 181, 37 L.R.A.(N.S.)717, 129 N. W. 1065, 3 N. C. C. A. 532; Hammack v. White, 11 C. B. N. S. 588, 31 L. J. C. P. N. S. 129, 8 Jur. N. S. 796, 5 L. T. N. S. 676, 10 Week. Rep. 230; Manzoni v. Douglas, L. R. 6 Q. B. Div. 145, 50 L. J. Q. B. N. S. 289, 29 Week. Rep. 425, 45 J. P. 391; Kimble v. Stackpole, 60 Wash. 36, 35 L.R.A.(N.S.) 148, 110 Pac. 677; Cadwell v. Arnheim, 152 N. Y. 182, 46 N. E. 310, 1 Am. Neg. Rep. 481; Fahn v. Reichart, 8 Wis. 255, 76 Am. Dec. 237; Brown v. Collins, 53 N. H. 442, 16 Am. Rep. 372; Vincent v. Stinehour, 7 Vt. 62, 29 Am. Dec. 145; Bizzell v. Booker, 16 Ark. 326; 2 Thomp. Neg. § 1234; Coller v. Knox, 222 Pa. 362, 23 L.R.A.(N.S.) 171, 71 Atl. 539; 1 Thomp. Neg. § 1297; Button v. Frink, 51 Conn. 342, 50 Am. Rep. 24; Van Houten v. Fleischmann, 48 N. Y. S. R. 763, 20 N. Y. Supp. 643; Rowe v. Such, 134 Cal. 573, 66 Pac. 862, 67 Pac. 760.

Ordinary care is all that was required of the defendant, and ordinary care does not require that all possible means for avoiding accidents might be employed. Missouri & K. Teleph. Co. v. Vandervort, 71 Kan. 101, 79 Pac. 1068, 6 Ann. Cas. 30; Cleghorn v. Thompson, 62 Kan. 727, 54 L.R.A. 402, 64 Pac. 605; Robinson v. Charles Wright & Co. 94 Mich. 283, 53 N. W. 938; Hinchman v. Pere Marquette R. Co. 136 Mich. 341, 65 L.R.A. 553, 99 N. W. 277; Snider v. Philadelphia Co. 54 W. Va. 149, 63 L.R.A. 896, 102 Am. St. Rep. 941, 46 S. E. 366, 1 Ann. Cas. 225; Manzoni v. Douglas, L. R. 6 Q. B. Div. 145, 50 L. J. Q. B. N. S. 289, 29 Week Rep. 425, 45 J. P. 391; Vincent v. Stine hour, 7 Vt. 62, 29 Am. Dec. 145; Unger v. 42nd Street & G. Street Ferry R. Co. 51 N. Y. 497; Trow v. Thomas, 70 Vt. 580, 41 Atl. 652; Lynch v. Kineth, 36 Wash. 368, 104 Am. St. Rep. 958, 78 Pac. 923; Cadwell v. Arnheim, 152 N. Y. 182, 46 N. E. 310, 1 Am. Neg. Rep. 481, Groom v. Kavanagh, 97 Mo. App. 362, 71 S. W. 362; Hammack

v. White, 11 C. B. N. S. 588, 31 L. J. C. P. N. S. 129, 8 Jur. N. S. 796, 5 L. T. N. S. 676, 10 Week. Rep. 230.

The accident could not have been anticipated. Could defendant, in the exercise of ordinary care, have foreseen that the accident would happen and the injuries resultant therefrom? The defendant's negligence must have been the proximate cause of the injury to hold him liable. 1 Thomp. Neg. § 50; Allegheny v. Zimmerman, 95 Pa. 295, 40 Am. Rep. 649; Maloney v. Bishop, — Iowa, —, 2 L.R.A.(N.S.) 1188, 105 N. W. 407, 19 Am. Neg. Rep. 230; Earle v. Van Alstine, 8 Barb. 630; Reed v. Southern Exp. Co. 95 Ga. 108, 51 Am. St. Rep. 62, 22 S. E. 133; Meredith v. Reed, 26 Ind. 334, 1 Am. Neg. Cas. 283; Briscoe v. Alfrey, 61 Ark. 196, 30 L.R.A. 607, 54 Am. St. Rep. 203, 32 S. W. 505.

There was nothing to suggest to defendant the possibility of such an accident or injury. Plaintiff's loss is therefore *damnum absque injuria.* Metropolitan Casualty Ins. Co. v. Clark, 145 Wis. 181, 37 L.R.A.(N.S.) 717, 129 N. W. 1065, 3 N. C. C. A. 532; Fahn v. Reichart, 8 Wis. 255, 76 Am. Dec. 237; Tooker v. Fowler & S. Co. 147 App. Div. 64, 132 N. Y. Supp. 213.

The stallion was not running at large. It escaped from defendant's restraint and against his will. Rev. Codes 1905, § 9408, Comp. Laws 1913, § 10195; Fallon v. O'Brien, 12 R. I. 518, 34 Am. Rep. 713, 1 Am. Neg. Cas. 344; Goodman v. Gay, 15 Pa. 188, 53 Am. Dec. 589, 1 Am. Neg. Cas. 341; Montgomery v. Breed, 34 Wis. 649; Coles v. Burns, 21 Hun, 246; Dresnall v. Raley, — Tex. Civ. App. —, 27 S. W. 200; Howrigan v. Bakersfield, 79 Vt. 249, 64 Atl. 1130, 9 Ann. Cas. 282.

*W. L. Smith,* for respondent.

Neither the trial judge nor this court determines questions of fact. The negligence in this case, as claimed, was a question of fact for the jury. The facts were in dispute. Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Welch v. Fargo & M. Street R. Co. 24 N. D. 463, 140 N. W. 680, and cases cited; Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359; Jackson v. Grand Forks, 24 N. D. 601, 45 L.R.A.(N.S.) 75, 140 N. W. 718.

Inferences of fact are to be deduced by the jury; and where there is

evidence from which the existence of facts sufficient to support the verdict might have been inferred, the verdict will not be disturbed. Illinois C. R. Co. v. Abernathey, 106 Tenn. 722, 62 S. W. 3; Muri v. White, 8 N. D. 59, 76 N. W. 503; Howland v. Ink, 8 N. D. 63, 76 N. W. 992; Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454; Nicoud v. Wagner, 106 Wis. 67, 81 N. W. 999.

BURKE, J. Defendant was the owner of a stallion which escaped from him in July, 1910, and inflicted injuries upon the plaintiff. Trial was had to a jury, which returned a verdict for plaintiff. Appellant makes nine assignments of error, but the first eight are so closely allied that they will be treated as one.

(1) At the close of the testimony of the plaintiff and again at the close of the entire case, defendant requested the court to direct a verdict in his favor upon the ground that there was an entire lack of evidence tending to show negligence upon the part of the defendant. This motion was followed by a motion for judgment notwithstanding the verdict, or for a new trial, based upon the same ground. Defendant purchased the stallion in June, 1910, from one Schmidt, who was a witness and testified as to the gentle disposition of the animal. Defendant testified to the same effect, but, of course, in order to be entitled to a directed verdict, the evidence must not be in dispute, and if there is any substantial conflict therein it is a question of fact for the jury. Defendant had just moved onto the place that summer, and had not time to fence his barnyard. His well was about 25 feet from the barn. Upon the morning in question, he led the stallion out to water and afterwards allowed him to exercise in a circle about him and later to roll in the dirt. He had no bridle upon the animal,—merely a halter, and while rolling, one of the front feet of the stallion passed over the halter strap, and when the animal regained his feet he gave a jump and dragged defendant for some time. The evidence is in conflict as to whether defendant let go of the halter strap before or after the nose strap of the halter broke. Defendant testifies as follows: "I took him out and watered him. After he got through, he laid down and rolled and he rolled over and by rolling over he got his front leg in this strap and when he got up he made a jump and then I could not hold him any longer. He ran,—he was feeling kind of good and ran around and he got started

on me, and I held on just as long as I could until my hands were all skinned and then I had to let loose."

Burt Whitney testified as follows: "I saw him take him out of the barn and lead him out to water and let the horse drink, and he led him away from the well and drove him around in a circle, and then the horse laid down to roll and in getting up he started off and Mr. Ritz tried to hold him, but the halter broke and then he could not hold him because there was only one strap around his neck and then he dragged Mr. Ritz, because he could not hold him."

As to the knowledge that defendant had of the disposition of the stallion there was a sharp conflict, defendant claiming that he believed the animal to be gentle, whereas other witnesses give testimony inconsistent with this belief. Young Whitney testified that he saw the stallion at Mr. Ritz's place in June, 1910, and saw Mr. Ritz handling him, and that at that time the horse acted severe and kicked at the witness and also struck at Mr. Ritz with his front feet. The same witness also testified that in June, 1910, Mr. Ritz had told him that the horse was a bad horse, and that he had to look out for him as he was liable to get hurt, but that, of course, a man could handle him with a bridle. We will not try to set out more of the testimony, but that quoted is sufficient, we think, to necessitate the submission to the jury of the question of the defendant's negligence, under all of the circumstances, in allowing the animal to escape.

(2) Appellant complains of the instructions of the court, and has singled out therefrom the following line: "You should take into consideration the lack of a fence about the barnyard." The entire paragraph of the instructions containing the above quoted sentence reads as follows: "There are some questions in this case which the jury must decide, and the jury will be the sole judge as to those questions. The first of these questions is, Was the defendant, at the time the stallion escaped, using that degree of care and precaution to prevent the escape of the stallion which a person of ordinary caution and prudence would have used under like circumstances? In deciding this question, you should take into consideration all the evidence of the case, as to the size and age of the stallion and the manner in which he had been used and handled, his disposition, character, and propensities, the kind and character of halter which was used, the lack of fence about the barnyard,

the purpose for which the stallion was brought out of the barn, the probable consequences of his escape, and any and all other facts and circumstances in evidence which in your opinion will aid you in determining whether the defendant used due care and precaution to prevent the escape of the stallion." This is a correct and impartial statement of the law applicable to the fact before the trial court. The question of negligence was one of fact for the jury. Pyke v. Jamestown, 15 N. D. 157, 107 N. W. 359. The evidence is sufficient to support the verdict and there is no error in the instructions.

Judgment affirmed.