DEMPSEY v. THE CITY OF ROME.

1. The evidence showing that the plaintiff was injured at night by getting his foot fast in a hole which had existed for two weeks or longer in a plank crossing upon one of the most frequented streets of the city, the plaintiff at the time using the crossing as one of the public for a footway in passing over it, the case was one for submission to the jury on the question of negligence by the city authorities in having and leaving the crossing in that condition.

2. The evidence further showing that the hole extended longitudinally along the crossing and was about ten or fifteen inches long, three inches wide and two or three inches deep, and that the plaintiff had observed it a week or two before he was injured, and that at the time he stepped into it he "had his hands in his pants pockets, was walking very peart and wasn't paying any attention," it was a question for the jury whether, under these circumstances, he was negligent in not thinking of the defect in the crossing, looking out for it and taking care for his own safety. It was error to grant a nonsuit.        *Judgment reversed.*

March 26, 1894. Argued at the last term.

Action for damages. Before Judge HENRY. Floyd superior court. March term, 1893.

Dempsey sued the city for personal injuries. At the conclusion of his evidence, defendant moved for a nonsuit upon the grounds that there was no evidence showing the city had notice of the defect in the sidewalk, or

was guilty of negligence causing the injury; and that the evidence showed that plaintiff, by the exercise of ordinary care and diligence, could have avoided the injury. The nonsuit was granted.

Plaintiff testified: About seven or eight o'clock on the night of December 13, 1891, while walking down Broad street, the most public street in Rome, his foot was caught in a hole in a plank crossing on the street, and he was thrown violently to the ground and injured in manner described. He was with his wife going home, and perfectly sober. The plank crossing was a continuation of Broad street sidewalk, and crossed another street flat on the ground. In coming this way he generally walked on the opposite side of the street, though possibly once or twice a week he came down this side. He had seen the hole a week or two before he was injured. He had his hands in his pockets, was walking "very peart," and was paying no attention. His foot was caught in a hole about ten or fifteen inches long, three inches wide and two or three inches deep, and he was twisted around and thrown down. The hole was nearly half across the street on one side, and was located so as to be in the direct pathway of one when two persons were walking together. He did not see the hole until after he fell. Did not remember whether there was a light burning or not.—Other witnesses testified that they had seen this hole several weeks before plaintiff was hurt; that a woman fell and was hurt at the same place afterwards, and after this one of the city's hands filled up the hole; and that the hole was about eight or ten inches long, three or four inches wide and two or three inches deep, not quite the size of a brick. Another testified, that she was hurt at the same place in the daytime, her foot being caught in the hole in the crossing and she being thrown down; that it was a little place and did not look like any one could be hurt in it;

and that she was walking along and not thinking, and her foot went down in the hole.

McHenry, Nunnally & Neel, for plaintiff.

Reece & Denny, for defendant.