### 25208. COKER *v.* CITY OF ROME.

534

Decided June 18, 1936.

M. B. Eubanks, for plaintiff.   W. B. Mebane, for defendant.

Jenkins, P. J.   █   A municipal corporation "is bound to use ordinary care to keep its public streets and sidewalks which are open for public use in a reasonably safe condition for passage." *Herrington* v. *Macon*, 125 *Ga.* 58, 61 (54 S. E. 71).   For a failure to exercise this care, it will be liable for resulting injuries, "no matter by what cause the street or sidewalk may have become defective or unsafe, where the city knew or should have known of the defect in time to repair it or to give warning of its existence." *McFarland* v. *McCaysville*, 39 *Ga. App.* 739 (148 S. E. 421). The question here presented is not one of first impression, but appears to have been settled in principle by the rulings made in *City of Brunswick* v. *Glogauer*, 158 *Ga.* 792, 801-812 (supra), and the cases there cited and followed.   In that case, as in this, the defect appears to have been what should be classed as a minor one. The Supreme Court there further expressed itself as follows: "As appears from the reports of the cases which are fully set out above, the defects in the sidewalks which produced the injuries were minor defects.   Those decisions hold in effect that the minor defects under consideration were sufficient upon which to submit to the jury the question of negligence of the city in allowing the sidewalk to remain in such condition, and to support a finding for the plaintiffs.   Each of them was rendered by all of the Justices of the court as it was then constituted; and never having been overruled, they are binding as precedents.   While the defect in-

volved in the present case is somewhat different from those involved in the cases mentioned above, they are all minor defects so nearly similar that the cases can not be distinguished upon principle. Accordingly the court is constrained to hold that the existence of the defect in the present case for the length of time and under the circumstances as disclosed by the evidence was sufficient to carry the case to the jury on the question of the defendant's negligence." In the instant case, the minor defect described in the petition appears to have been a hole caused by a broken tile at the edge of a sidewalk where it joined the curb, the hole being of triangular shape with a sharp point as the center of the tile, "widening to the outer edge of the tile at the curb, where it was at least six inches wide," and "varying from two to three inches deep and deeper than the thickness of the tile . . which [hole] rendered the surface of the sidewalk uneven and dangerous for pedestrians," and into which the heel of her shoe went, "throwing [plaintiff] suddenly and violently forward, over and across said curbing, which curbing was ten inches high above the level of the street, and also throwing her onto the concrete paving of the gutter and pavement of the street, causing her personal injuries," as described. Under the ruling in the *Glogauer* case and the cases on which it was based, this court must hold that the question of negligence was one for determination by a jury, and could not be resolved as a matter of law in favor of the city, as was done by the sustaining of a general demurrer to the petition. The petition set forth that "said hole had been in said sidewalk for as much as six months prior to the date of" the injuries, and that the city "knew of the existence of said hole and its dangerous condition, especially to women and children walking on said sidewalk." See *Dempsey* v. *Rome, 94 Ga.* 420 (20 S. E. 335); *City of Atlanta* v. *Bellamy, 72 Ga.* 420; *City of Atlanta* v. *Brown, 73 Ga.* 630; all discussed in the *Glogauer* case.

■ Even in a case where the petition shows actual knowledge by the plaintiff of the defect, "the mere fact that one using a street or sidewalk may have knowledge of the existence of some defect or obstruction does not always and as a matter of law constitute such contributory negligence as will in and of itself preclude a recovery, if, in view of such knowledge, the injured person exercised reasonable and ordinary care under the circumstances."

*City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772). Facts and circumstances such as there stated may wholly relieve the plaintiff from a charge and the legal result of contributory negligence, or in a proper case may evoke an application of the rule of comparative negligence and diminution of damages, even where there is previous knowledge of a sidewalk defect. See also *McFarland* v. *McCaysville,* supra; *Rogers* v. *Sears,* 45 *Ga. App.* 772 (166 S. E. 64); *Scott* v. *Rich's Inc.,* 47 *Ga. App.* 548, 550 (171 S. E. 201); *Sears* v. *Moore,* 47 *Ga. App.* 465 (6) (170 S. E. 538); *Moore* v. *Sears,* 42 *Ga. App.* 658 (157 S. E. 106). As so often stated by courts of review, questions of contributory as well as other negligence can not be determined as a matter of law on demurrer except in plain and indisputable cases. Therefore the instant petition did not show on its face a failure on the part of the plaintiff to exercise ordinary care, and the petition negatived all previous knowledge of the defect by alleging: "Your petitioner was in the exercise of ordinary care for her safety and *did not know of the existence of said hole,* which was in the sidewalk, and on the principal and most public street and sidewalk of and within said city, and, because of the number of people walking on said sidewalk at the time, the hole was obscured from her view, and she did not see it until after she had stepped on it." The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Stephens and Sutton, JJ., concur.*