ATLANTIC COAST LINE RAILROAD COMPANY *v.* DONAL-
SONVILLE GRAIN & ELEVATOR COMPANY *et al.*

No. 11680.   APRIL 14, 1937.

*Bennet & Peacock* and *Cox & Cox,* for plaintiff in error.
*Stapleton & Stapleton* and *R. L. Cox,* contra.

ATKINSON, Justice.   The Atlantic Coast Line Railroad Com-
pany has a railroad extending through the City of Donalsonville,
Georgia.   The railroad intersects with a street called Henderson
Avenue.   On each side of the railroad the street is sixty feet wide
from curb to curb, but the crossing over the railroad is thirty feet
wide, the eastern border thereof being in line with the eastern
border of the street.   The railroad existed before the municipality
was incorporated or the street was laid out.   For approximately
thirty years the city has maintained the street, and the railroad
·company has maintained the crossing, and the general public has
continuously used the street and crossing for the usual purposes

of travel. In April, 1936, the city caused certain wooden barriers to be placed in the street on each side of the railroad right of way, thus obstructing the street, and the railroad company took out the crossing and dug ditches along each line of its right of way, thus closing the crossing to all traffic across the railroad-tracks and right of way. The Donalsonville Grain & Elevator Company and several other persons, as residents and taxpayers who had property near the place and were injuriously affected by closing the crossing, instituted mandamus proceedings against the municipality and its officers and against the railroad company, seeking to compel the city "to remove all barriers heretofore erected across Henderson Avenue at its intersection of the right of way," and to compel the railroad company "to reopen said crossing and place same in good order at its expense, in order that said crossing may be used by the general public, including said petitioners named." The petition alleged the case substantially as above stated. The railroad company alone filed general and special demurrers to the petition. Both defendants filed answers. The demurrers were overruled. The issues of fact raised by the answers were submitted to a jury. At the conclusion of plaintiffs' evidence the judge refused a motion for nonsuit. A verdict was returned for the plaintiffs. The judge thereupon granted mandamus absolute. The railroad company excepted, assigning error on the several rulings mentioned.

Several grounds of the demurrer were abandoned in the briefs of the attorneys for the plaintiff in error. Such grounds as were not abandoned are thus stated: "Said railroad demurred generally to said petition, on the grounds: (1) no cause of action for mandamus against it, and (2) no facts showing any duty on its part to perform the act sought to be compelled by mandamus; and demurred specially to the petition as a whole, (1) for misjoinder of parties defendant, and (2) multifariousness, as joining separate causes of action against this defendant and the other defendants. Said railroad also demurred specially to the following named allegations: . . In the 4th paragraph, as to the avenue being laid off and used for about thirty years, upon the grounds: (1) too vague and indefinite; (2) not shown by whom laid off; (3) how the same was laid off over the property of the railroad, whether by means of condemnation or by the grant of an

easement, or how; and (4) not shown whether the same was ever worked and improved by the public authorities crossing the property of this defendant, and, if so, by what authority . . as to 'said street has been worked by the municipal authorities,' on the grounds, (1) it is irrelevant as it does not allege that any street on this defendant's right of way was so worked, and (2) not alleged how the same was worked, and (3) by what municipal authorities; and (e) as to the crossing being 'worked and kept in repair by the railroad for over thirty years,' on the grounds (1) irrelevant, (2) not alleged whether the same was worked as a private crossing, or as a public crossing, and (3) too vague. . . To the 15th paragraph, on the grounds (1) irrevelant, (2) no facts are alleged to show that the acts therein referred to relate to any public road or street crossed by this defendant's railroad." Other facts will sufficiently appear in this opinion.

1. "A private person may by mandamus enforce the performance by a corporation of a public duty as to matters in which he has a special interest." Code, § 64-103. *Savannah & Ogeechee Canal Co.* v. *Shuman,* 91 *Ga.* 400 (17 S. E. 937, 44 Am. St. R. 43) ; *Southern Railway Co.* v. *Atlanta Stove Works,* 128 *Ga.* 207 (57 S. E. 429).

2. "All railroad companies shall keep in good order, at their expense, the public roads . . where crossed by their several roads, and build suitable bridges and make proper excavations or embankments, according to the spirit of the road laws." Code, § 94-503. This applies to streets in a city. *Western & Atlantic Railroad* v. *Atlanta,* 74 *Ga.* 774. Consequently a railroad company is under a public duty to keep the crossings of streets over its railroad in good order at its own expense.

3. If a railroad company takes out and discontinues an existing street crossing which it has maintained over its railroad, such conduct and action is equivalent to refusal to perform the public duty of maintaining such crossing; and where mandamus proceedings are instituted to require the railroad company to restore and maintain the crossing in good condition, it is not prerequisite to allege a demand for performance of the duty. *Board of Commissioners of Manchester* v. *Montgomery,* 170 *Ga.* 361 (153 S. E. 34).

4. In view of the interest and general authority of the city

to protect its streets and keep them free of obstructions, where separate acts of the railroad company and of the city have the effect to destroy an existing street as a continuous way, the railroad company and the city can be joined in one action for mandamus to compel each to remove the obstructions made by it. Such an action does not show joinder of *separate and distinct* claims against different parties, as inhibited by the Code, § 3-110. This is true notwithstanding the provision of § 37-1007, relating to consolidation *in equity* where there is one common right, has no application to mandamus proceedings.

(*a*) Accordingly where the city obstructs the street at the line of the railroad's right of way, and the railroad company physically destroys the crossing, and the object of the mandamus proceeding is to require the city to remove the obstructions placed by it, and the railroad company to reconstruct and maintain the crossing, so that the street may be physically restored over the crossing with all obstructions removed from the street and crossing as theretofore used, the petition for mandamus against the city and the railroad company is not demurrable as embracing distinct and separate claims against different persons.

(*b*) The petition does not show improper joinder of parties respondent.

(*c*) The plaintiffs, as residents, taxpayers, and users of the street in question, show such special interest as will authorize them to maintain the action for mandamus.

5. "Dedication to the public of a use of land for a street rests upon the intent of the owner to make such dedication. Where the dedication is not express, the acts of the owner relied upon to imply a dedication must be such as clearly indicate an intent to exclusively devote the property to use as a street." *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.*, 140 *Ga.* 353 (78 S. E. 906, 48 L. R. A. (N. S.) 469); *Hutchinson* v. *Clark*, 169 *Ga.* 511 (150 S. E. 905).

(*a*) As to qualified implied dedication of an easement over a railroad right of way, see *Brunswick & Western Railroad Co.* v. *Waycross*, 91 *Ga.* 573 (17 S. E. 674); *Southern Railway Co.* v. *Combs*, 124 *Ga.* 1004 (53 S. E. 508); *McCoy* v. *Central of Georgia Railway Co.*, 131 *Ga.* 378 (62 S. E. 297); *Louisville & Nashville Railroad Co.* v. *Hames*, 135 *Ga.* 67 (68 S. E. 805).

(*b*) Under application of the foregoing principles, if a city acquires and constructs a public street sixty feet wide which approaches from opposite directions both sides of the right of way of an existing railroad, and the railroad company constructs a crossing thirty feet wide over its right of way, so as to afford continuous travel on the street over the right of way, and thereafter maintains the crossing in good order at its own expense for a long time (in this case approximately thirty years), during which time the street is used by the general public, such acts on the part of the railroad company will suffice to show an implied qualified dedication, as a part of the public street, of that part (thirty feet wide) of the right of way occupied by the actual crossing.

(*c*) The affirmative acts of the railroad company in constructing and maintaining the crossing at its own expense denote compliance with the statute quoted in the second division, and intention to dedicate. These facts differ from the facts in the foregoing cases of *Mayor &c. of Savannah* v. *Standard Fuel Supply Co.,* and *Hutchinson* v. *Clark,* supra, and of *City of Atlanta* v. *Georgia Railroad & Banking Co.,* 148 *Ga.* 635 (98 S. E. 83)—in which all the Justices did not concur, where the facts were held insufficient to imply a dedication.

6. Under application of the foregoing principles, the judge did not err in overruling the demurrer to the petition.

7. The evidence introduced by the plaintiffs tended to show the case as alleged in the petition. The judge did not err in overruling the motion for nonsuit, and in granting the order making the mandamus absolute.

*Judgment affirmed. All the Justices concur.*
RUSSELL, C. J., concurs in the result.