26515.   CITY OF ROME *v.* HANSON.

DECIDED JANUARY 14, 1938.

*Lanham & Parker,* for plaintiff in error.

*Maddox & Griffin,* contra.

SUTTON, J. Mrs. Sophronia Hanson brought suit for damages against the City of Rome, on account of personal injury, and alleged that on or about Sunday, June 8, 1935, about 9 o'clock p. m., she was driven home from church to a house located on Maple Street in that city; that she stepped from the automobile, which had been driven up to the curb in front of the house, into a hole in the sidewalk; that there was a concrete sidewalk on the west side of said street at this place, and between the sidewalk and the street was a grass-covered parkway approximately five feet in width; that on the occasion referred to, bermuda grass had grown up on this parkway, partially covering the hole and obstructing the view thereof; that in said parkway and about twenty-two inches from the curb there was a hole approximately sixteen inches in diameter and sixteen inches deep that had existed in said sidewalk for approximately three years; that she stepped into the hole, injuring and damaging herself as alleged; that she was visiting at the said home at the time of her injuries, that theretofore, in the summer of 1933, she had visited at said home for a short period of time, and on one occasion, while certain children in the home were cutting grass, her attention was called to said hole in the sidewalk; that she did not visit in said home, nor was she at said place, for approximately two years thereafter, and did not return and was not on said premises until just before her injuries; and that at the time of her injuries she had completely forgotten that such a hole had existed in the sidewalk approximately two years prior to said time; that if she had remembered such a hole existed, she would have taken it for granted that the same had been filled; that at the time of her injuries it was after dark, and bermuda grass had grown up in and about said hole, partially obstructing it from view; and that by the exercise of ordinary care on her part she could not and did not observe the same.

The City of Rome demurred generally on the ground that the petition set forth no cause of action, because it showed on its face that by the exercise of ordinary care the plaintiff could have avoided the injury complained of, because she alleged in one paragraph

that she had stepped into a hole in the sidewalk, and in another paragraph that she had stepped into a hole in a parkway adjoining the sidewalk. The city demurred specially on the ground that the petition did not allege whether the hole into which the plaintiff is alleged to have stepped was in the walkway from the street to the sidewalk, or whether the same was to the right or left of the walkway from the street to the paved sidewalk. The court overruled the demurrers, and the defendant excepted.

1. "A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety," and "knowledge on the part of a city of a defect in one of its sidewalks will be presumed where the defect has continued for such a length of time that, by reasonable diligence in the performance of their duties, its existence ought to have become known to the proper authorities." *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772).

2. "The mere fact that one using a street or sidewalk may have knowledge of the existence of some defect or obstruction does not always and as a matter of law constitute such contributory negligence as will in and of itself preclude a recovery, if, in view of such knowledge, the injured person exercised reasonable and ordinary care under the circumstances." *City of Silvertown* v. *Harcourt,* supra. In *Dempsey* v. *Rome,* 94 *Ga.* 420 (20 S. E. 335), the plaintiff was injured at night by stepping into a hole in a plank crossing in a street, which he had observed a week or two before he was injured, but at the time he stepped into it he "had his hands in his pockets, was walking 'very peàrt,' and was paying no attention." It was there held to be a question for the jury whether under these circumstances he was negligent in not thinking of the defect, looking out for it, and taking care for his own safety. See, in this connection, *Idlell* v. *Atlanta,* 123 *Ga.* 821, 825 (51 S. E. 709), where this principle was applied and *Dempsey* v. *Rome,* supra, cited approvingly.

3. In the present case it was alleged that the plaintiff stepped from an automobile, which had been driven up to the curb, in front of a house on Maple Street in the City of Rome, into a hole in the sidewalk in front of the house; that between the concrete sidewalk

and street at this place there is a grass-covered parkway approximately five feet in width; that bermuda grass had grown up in this parkway partially covering and obstructing the view of the hole into which she stepped; that at the time of her alleged injuries it was after dark, and she did not and by the exercise of ordinary care could not have observed said hole; that, while visiting in the same home some two years before, her attention was called to this hole in the sidewalk while certain children were cutting grass; still she had not been at this home or place for more than two years when injured, and she had completely forgotten that such hole had existed in said sidewalk, and if she had remembered it she would have taken it for granted that the same had been filled. Under the allegations of the petition it can not be said, as a matter of law, that the injury complained of was the result of negligence of the plaintiff, or that she failed to exercise ordinary care under the circumstances.

4. The special demurrer to the effect that the petition did not allege whether the hole into which the plaintiff is alleged to have stepped was in the walkway from the street to the sidewalk, or whether it was to the right or left of the walkway from the street, is without merit.

5. The court did not err in overruling the demurrers.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*