### 26942. HARRIS *v.* CITY OF ROME.

280

DECIDED DECEMBER 2, 1938. REHEARING DENIED DECEMBER 20, 1938.

*Maddox & Griffin,* for plaintiff.

*Lanham & Parker,* for defendant.

MACINTYRE, J. The present action is brought by Oscar Harris for certain injuries alleged to have been sustained by his son by reason of the unsafe condition of one of the streets of the defendant city. It was alleged in part that about 7 o'clock p. m. on December 29, 1936, his son was running along the west side of Gibbons Street when he stumbled in a ditch and drain across that part of the street used by pedestrians, precipitating him from said street over the side of the said street and into the chasm on the west side thereof; that at said place there is no paved sidewalk of any kind or description, but that the west side of said street is used by pedestrians walking along the same; that said street drains towards the west side thereof and, as a result, a drain and ditch have formed across said sidewalk and walkway, making the same uneven, which ditch caused his son to stumble and fall and be precipitated over the side of the street and into said chasm as he ran along said walkway; that at one time the city had maintained a guard rail on the side of the said street, but that the same had fallen into disrepair and had fallen down, leaving no fence or rail or any other form of obstruction to prevent a person using said sidewalk from falling over the side thereof; "that at the place where petitioner's son went over the side, the street and walkway curve, and that said fence and guard rail as originally constructed was within approximately twelve inches of the edge of said chasm, and that on account of the water draining across said walkway had cut into the side thereof approximately twelve inches back into said walkway, making said chasm actually into said walkway;" that said condition had existed three months or more before the date of the injury to the petitioner's son. The trial judge sustained a general demurrer to the petition and the plaintiff excepted.

We are of the opinion that the trial judge erred in dismissing the petition. "A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety." *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772); *City of Barnesville* v. *Sappington,* 58 *Ga. App.* 27 (197 S. E. 342). It is well settled in this State "that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except where such questions appear palpably clear, plain, and indisputable." *So. Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718), and authorities cited and discussed. It is our opinion that whether the city was negligent in failing to keep the street and walkway in question in reasonably safe condition, and whether the petitioner's son was guilty of negligence in running along said street on the occasion in question, and what negligence constituted the proximate cause of the injury to his son, are questions which should be submitted to a jury. See *Chapman* v. *Macon,* 55 *Ga.* 566; *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (148 S. E. 421); *Evans* v. *Atlanta,* 139 *Ga.* 443 (77 S. E. 378); *City of Americus* v. *Johnson,* 2 *Ga. App.* 378 (58 S. E. 518); *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (38 S. E. 389).

*Judgment reversed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. The petition alleged that plaintiff's son was sixteen years old at the time of the injuries sued for, and that, when injured, he was *running* along a street "on or about 7 o'clock p. m. on December 29, 1936." This court will take judicial cognizance of the fact that it was naturally dark in Rome, Georgia, long before 7 o'clock p. m. on the date named; and the petition fails to allege that the street in question was artificially lighted up. The petition also fails to allege that there was any reason, necessity, or emergency for the boy to be *running* along a dark street in the nighttime; and, therefore, the petition, properly construed (most strongly against the pleader), shows that he was so running without any reason, emergency, or necessity for so doing. "A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably

safe condition, so that persons can pass along them in the *ordinary* methods of travel with reasonable safety." (Italics mine.) *City of Silvertown* v. *Harcourt,* 51 *Ga. App.* 160 (179 S. E. 772); *City of Rome* v. *Hanson, 57 Ga. App.* 222, 224 (194 S. E. 887). The petition, construed most strongly against the pleader, shows that plaintiff's son was not passing along the street in the ordinary mode of travel (walking), but that, without any reason, necessity, or emergency for so doing, he was *running* along a dark street and stumbled in a ditch and drainway running across that part of the street upon which he was running, and was precipitated "into a chasm on the west side of the street;" and, as a result of the fall, sustained the injuries sued for; and that if he had been exercising ordinary care, i.e., walking (instead of running) along the dark street, he would not have been injured. In my opinion the sustaining of the general demurrer to the petition was not error.

ON MOTION FOR REHEARING.

MacINTYRE, J. It is contended that the only duty resting upon a municipality in reference to its streets and sidewalks is to keep them in a reasonably safe condition, so that persons may pass along them in the ordinary methods of travel with reasonable safety, and that this court should hold that "running" is not an ordinary method of travel. In other words, we are called upon to hold that as a matter of law a municipality owes no duty to one *running* along its streets. This we can not do. Running, as a method of travel, is no different from walking. Just as operating an automobile at ten miles an hour over a public street is the same method of travel as operating an automobile over the same street at fifty miles per hour. The municipality is bound to maintain its streets in a reasonably safe condition so that persons may pass along them in the ordinary methods of travel with reasonable safety. Whether this standard was violated by the defendant municipality in allowing its street to be in the condition alleged in the plaintiff's petition is a question that should be solved by a jury. The facts that at the time the injuries were received the plaintiff's son was running, and that it was at night, may illustrate to the jury that he was guilty of negligence, which was the proximate cause of his injuries, and therefore that the plaintiff father should not be allowed to recover. We can not say, however, from the alleged facts, that the jury as a matter of law should so find.

*Rehearing denied. Guerry, J., concurs. Broyles, C. J., dissents.*