### 27870.   CITY OF ROME *v.* RICHARDSON.

BROYLES, C. J.   "Under the rulings in *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792, 801-812 (124 S. E. 787), and in the cases there cited, the defect in a city sidewalk, as described in the petition suing the municipality for personal injuries, although of a size and nature ordinarily classed as a 'minor defect,' was not such a one as will require a holding as a matter of law on demurrer that the defendant was not negligent in the performance of its legal duty to keep its public streets and sidewalks in a

reasonably safe condition for passage, where it appeared that the defendant knew or should have known of the defect in time for repair or warning of its existence. . . The averment that 'your petitioner was in the exercise of ordinary care for her safety, and did not know of the existence of said hole, which was in the sidewalk and on the principal and most public street and sidewalk of and within the city, and, because of the number of people walking on said sidewalk at the time, the hole was obscured from her view, and she did not see it until after she had stepped in it,' negatived previous knowledge by the plaintiff of the defect, and did not render the petition subject to general demurrer as showing contributory negligence by her in not seeing the hole and in stepping into it." *Coker* v. *Rome*, 53 *Ga. App.* 533 (186 S. E. 585). Applying these rulings to the facts of the instant case, the petition was not subject to general demurrer, and the court properly so held.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 12, 1940.

*Lanham & Parker,* for plaintiff in error.
*Maddox & Griffin,* contra.