33556. BUTLER *et al.* v. JONES.

DECIDED NOVEMBER 20, 1951. REHEARING DENIED DECEMBER 12, 1951.

160

*Wheeler, Robinson & Thurmond,* for plaintiffs in error.
*Frank B. Stow, Robert E. Andrews,* contra.

MACINTYRE, P. J. ■ Where in a bill of exceptions, filed in this court on March 21, 1951, it appears that the writ was certified by the trial judge on February 24, 1951, and was marked filed by the clerk of the trial court on March 10, 1951, the writ will not be dismissed on motion upon the ground that the bill of exceptions was in fact filed in the office of the clerk of the trial court at an earlier date, but, under an agreement between counsel for the plaintiffs in error and the clerk of the trial court, for purposes of delay, was not marked filed by the trial court until twelve days after it was actually filed, and was not transmitted to this court until twenty-one days after it was actually filed. " 'The official entry made by the clerk of a trial court, as to the date on which a bill of exceptions was filed in his office, imports absolute verity, and cannot be impeached in  .  . [the Court of Appeals] by the production of aliunde proof that the bill of exceptions was, in point of fact, filed at an earlier date. *Ga. Fla. & Ala. Ry. Co.* v. *Lasseter,* 122 *Ga.* 679, and cit.' *Swafford* v. *Swafford* [125 *Ga.* 386, 53 S. E. 959]; *Norris* v. *Baker County* [135 *Ga.* 229, 69 S. E. 106]." *Felker* v. *Still,* 160 *Ga.* 104 (2 a) (127 S. E. 609); *Crawford* v. *Cook,* 48 *Ga. App.* 456 (173 S. E. 187); *Sweat* v. *Barnhill,* 171 *Ga.* 294 (155 S. E. 18).

■ The facts, as they are alleged to have really existed, stripped of the conclusions of the pleader, are that the plaintiff on April 10, 1950, went to an eye, ear, nose, and throat clinic, operated by the two defendant doctors, to have her eyes examined; the

defendants had allowed several small stones to accumulate on the concrete driveway, which was used as a walkway, leading from Academy Street to the entrance of the clinic; this driveway inclined about 30 degrees from the clinic to the street; the steps from this driveway to the clinic were on the side of the front porch of the clinic; the step which abutted the driveway was so constructed that on the end nearer Academy Street, it was higher from the driveway than on the end nearer the clinic, and the step decreased in height in the direction of the clinic until there was scarcely any height between the step and the driveway at the point nearest the clinic; when the plaintiff entered the clinic premises, she ascended this step on the higher end of the step and on leaving the clinic premises she descended this step on the lower (or shallower) end of the step, and as she stepped from this lower (or shallower) end of the step, she stepped upon a small stone the same color as the driveway, which caused her foot to turn causing her to fall violently upon the driveway where she sustained enumerated injuries; the steps or entrance was equipped with no banisters or guardrail whatsoever, and the defendants had permitted the stone to remain on the driveway from February 17, 1950, until the date of the accident on April 10, 1950, a period long enough and sufficient for the defendant to have ascertained and known of its presence.

"It is an elementary rule of construction, as applied to a pleading, that [on demurrer] it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of the party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald*, 148 *Ga.* 429 (1) (96 S. E. 867).

The pleading will be judged by the facts alleged and not by the mere conclusions of the pleader; therefore, as against a general demurrer, it is not sufficient to allege a mere conclusion of law. It is not enough to aver facts from which the ultimate fact may be inferred, unless the *evidentiary facts pleaded* are such as to demand the inference of its existence. *Bivins* v. *Tucker*, 41 *Ga. App.* 771, 774 (154 S. E. 820).

"Negligence is the breach of some duty imposed by law. It is doing other than, or failing to do, what a reasonably prudent

man, similarly situated, would have done. The conduct of the reasonably prudent man is the accepted standard." Cole *v.* Atlantic Coast Line R. Co., 211 N. C. 591 (191 S. E. 353).

In Kraus *v.* Wolf, 253 N. Y. 300 (171 N. E. 63), it was held: "A small pool of water in a slight depression, caused by wear, on the surface of an outdoor step creates no dangerous condition, and reasonable care did not require the defendant to prevent or remedy such condition."

"When the defective condition is one of such character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury; but when, as in this case, the defect, if any, was so slight that no careful or prudent man would reasonably anticipate any danger from its existence, but still an accident happened which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. Tryon *v.* Chalmers, 205 App. Div. 816 (200 N. Y. Supp. 362, 364); Beltz *v.* Yonkers, 148 N. Y. 67 (42 N. E. 401)." *McCrory Stores Corp.* v. *Ahern,* 65 *Ga. App.* 334, 337 (15 S. E. 2d, 797).

" 'The pedestrian is not entitled to an absolutely level, [smooth], and unobstructed passageway.' " (Brackets ours.) Shearman & Redfield On Negligence, Vol. 4., p. 1817, § 795.

See in this connection Ferguson *v.* Janosec, 248 A. D. 898 (290 N. Y. Supp. 726) where it was held that the evidence was insufficient to sustain a judgment for a pedestrian for injuries sustained when her heel caught on the edge of a concrete driveway at a point where the end thereof abutted a dirt sidewalk, in absence of proof that the driveway was in a state of disrepair or that the depression created a condition in the nature of a trap or that the injury was caused by a defect in the driveway.

Accepting the conduct of a reasonably prudent man as the standard, we think that where, as here, on premises maintained and operated as an eye, ear, nose, and throat clinic, there is a concrete driveway used by pedestrian patients entering and leaving such premises, and a small stone is permitted to remain on the driveway near a step from the driveway to the clinic, the presence of the small stone creates no dangerous condition, and

reasonable care did not require the defendant to prevent or remedy this condition. See in this connection Kraus *v.* Wolf, supra; *Conaway* v. *McCrory Stores Corp.,* 82 *Ga. App.* 97 (60 S. E. 2d, 631)..

The fact of the additional allegation that there was no guardrail or banisters on the outdoor step did not change the situation so as to create a dangerous situation and reasonable care did not require the defendant to prevent or remedy the condition.

The petition set forth no actionable negligence and the court erred in overruling the general demurrer.

*Judgment reversed. Gardner and Townsend, JJ., concur.*