### 34172. CITY OF EAST POINT v. MASON et al.
### 34186. CROWE v. MASON et al.

DECIDED SEPTEMBER 26, 1952.

*Phillips, Johnson & Williams,* for plaintiff in error (case No. 34172).

*Thomas B. Branch, Harold Sheats, Marshall, Greene, Baird & Neely, Ferdinand Buckley,* contra.

*Marshall, Greene, Baird & Neely,* for plaintiff in error (case No. 34186).

*Thomas B. Branch Jr., Phillips, Johnson & Williams,* contra.

FELTON, J. ■ Construing the petition against the pleader, it is construed to mean that a small amount of gravel or coarse grain sand was washed from the driveway or carried by foot or

vehicle, or other means, in a natural and usual way without being caused by the negligence of Crowe. The only negligence alleged against Crowe and the city is that the gravel was permitted to accumulate and remain on the sidewalk. There are no facts alleged authorizing a conclusion that the negligence of Crowe or the city caused the gravel to be washed or carried onto the sidewalk.

■ Even if the accumulation of a small amount of gravel on a sidewalk could be considered a defect or dangerous condition, an abutting property owner is not liable for damages for such an accumulation when he does not cause or participate in the first appearance of gravel or any addition thereto and is guilty of no negligence which causes any gravel to get upon the sidewalk. *Rhodes* v. *Perlis*, 83 *Ga. App.* 312 (63 S. E. 2d, 457), and cases and authorities cited.

■ The petition alleges that the plaintiff stepped on "some loose gravel." We do not think that this allegation shows even a minor defect on or in the sidewalk in the absence of additional allegations showing in what particular loose gravel constitutes a defect or danger. This is true as a general proposition and it is especially true in this case when it is not alleged that the sidewalk was paved, for the reason that a showing that gravel on top of clay or sand or a mixture of both would require specific allegations showing why it would cause a defect or danger. "A municipal corporation is charged with the duty of exercising ordinary care in keeping its streets and sidewalks in a reasonably safe condition, so that persons can pass along them in the ordinary methods of travel with reasonable safety." *City of Silvertown* v. *Harcourt*, 51 *Ga. App.* 160 (1) (179 S. E. 772); *City of Barnesville* v. *Sappington*, 58 *Ga. App.* 27, 28 (197 S. E. 342), and citations; *City of Rome* v. *Hanson*, 58 *Ga. App.* 617 (199 S. E. 329); *Harris* v. *City of Rome*, 59 *Ga. App.* 279, 281 (200 S. E. 337). To require municipal corporations to keep sidewalks and streets free from loose gravel is to require the impossible from a standpoint of reasonable possibility both from a manpower and a financial point of view. Further, it does not seem unreasonable for a municipality to permit loose gravel to remain on streets and sidewalks and it would seem that ordinary travel over streets and sidewalks embraces travel

over streets and sidewalks often covered or partially covered with loose sand or gravel. It is fundamental that a municipality is not an insurer of the safety of its streets and sidewalks. It follows that the petition does not allege a cause of action against the city.

■ The petition was subject to both general and special demurrers as to the time when the gravel got on the sidewalk and how long it had been there (*Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345, 351, 170 S. E. 493), and the special demurrer pointing out the lack of such allegations should have been sustained.

■ The special demurrer as to the insufficiency of the notice to the city does not point out the claimed defects in the notice and the court did not err in overruling it.

The court erred in overruling the general demurrer of the city and in overruling the special demurrers dealt with in division 4 of the opinion, and erred in overruling the general demurrer of the defendant Crowe; the court did not err in overruling the special demurrer dealt with in division 5 of the opinion.

*Judgments as to the city are affirmed in part and reversed in part; the judgment as to the defendant Crowe is reversed. Sutton, C.J., and Worrill, J., concur.*