36716. COTTON STATES MUTUAL INSURANCE CO. *v.* RENTZ *et al.*

DECIDED MAY 17, 1957—REHEARING DENIED JUNE 7, 1957.

*J. H. Highsmith*, for plaintiff in error.

*Dan S. Cowart, Peyton Miles, Larry E. Pedrick*, contra.

GARDNER, P. J. 1. We have studied and compared the testimony and we are convinced that the jury were authorized to return a verdict in favor of Talmadge Rentz to the effect that at the time of the alleged injury Talmadge Rentz was not an employee of his father. The general grounds are not meritorious for any of the reasons assigned by the plaintiff.

2. The one special ground reads as follows: "The court undertook to charge Code § 38-107 with reference to a determination of where the preponderance of evidence lies and did give in charge portions of said section, the court charged as follows: 'In determining where the preponderance of the evidence lies the jury may consider all the facts and circumstances of the case; the witnesses' manner of testifying; their intelligence; their interest or want of interest in the result of the case; their bias or prejudice, if any appears; their means and opportunity of knowing the facts about which they testified and also their personal credibility so far as same may legitimately appear upon the trial

of the case. The jury may also consider the number of witnesses but the preponderance is not necessarily with the greater number.'

"The court in so charging entirely omitted that portion of said Code section reading: 'The nature of the facts to which they testified, and the probability or improbability of their testimony.'

"The Code section which the court undertook to charge and the law with respect to the determination of where the preponderance of evidence lies, is as follows: 'In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may appear from the trial. The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number.' The court did not elsewhere in its charge to the jury undertake to charge on the determination of where the preponderance of evidence lies, nor elsewhere in its charge, charge the jury said omitted portion of said Code section in instructing the jury as to the determination of the preponderance of evidence.

"The court having undertaken to charge on the determination of where the preponderance of evidence lies, it was the duty of the court to instruct the jury fully and completely with respect thereto, and not to charge certain portions of said Code section, omitting that portion reading: 'The nature of the facts to which they testified and the probability or improbability of their testimony', and the court erred in so doing, which said error was contrary to law, to the prejudice, damage and injury of movants, and entered into the final verdict and judgment in this case."

The court charged: "Now, the burden rests upon the plaintiff to satisfy the jury of the truth of their case by a preponderance of the evidence. By a preponderance of the evidence is meant that superior weight of the evidence upon the issues involved, which while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than the other. In determin-

ing where the preponderance of the evidence lies the jury may consider all the facts and circumstances of the case; the witnesses' manner of testifying; their intelligence; their interest or want of interest in the result of the case; their bias or prejudice if any appears; their means and opportunity for knowing the facts about which they testify, and also their personal credibility so far as the same may legitimately appear upon the trial of this case. The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number. Where in the opinion of the jury the evidence on each side [is] equally credible, and where the jury believe the evidence as strong on one side as on the other, then the preponderance of the evidence would not be carried, and in such case it would be the duty of the jury to return a verdict in favor of the defendants."

Counsel for the plaintiff call our attention to and rely on the following decisions: *Renfroe* v. *Hamilton,* 193 *Ga.* 194 (2) (17 S. E. 2d 709); *Turner* v. *Joiner,* 77 *Ga. App.* 603 (48 S. E. 2d 907), and *Smith* v. *Harrison,* 92 *Ga. App.* 576 (89 S. E. 2d 273). Under the record, including the entire charge of the court in the instant case, a casual reading of the last three cases cited discloses that those cases are not in conflict with, and not binding authority for the ruling in the instant case. In our opinion the assignment of error here is controlled by *State Highway Board* v. *Bridges,* 60 *Ga. App.* 240 (4) (3 S. E. 2d 907), where this court said: "Where, in charging Code § 38-107, the judge omits the words, 'the nature of the facts to which they testified, and the probability or improbability of their testimony,' in immediate connection with the other provisions thereof, yet where the language of the charge as a whole is sufficient to convey the meaning and application of the principle, the omission is cured." The charge of the court as a whole cured the error assigned in the special ground; therefore the special ground is not meritorious under the record in this case.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*