37612.   YANCEY *v.* SOUTHERN RAILWAY COMPANY.

DECIDED APRIL 24, 1959—REHEARING DENIED MAY 6, 1959.

*Bullock, Yancey & Mitchell,* for plaintiff in error.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* contra.

TOWNSEND, Judge. ■ As a matter of law, the presence of a piece of gravel on a railroad crossing is not negligence and the trial court did not err in sustaining the special grounds of demurrer wherein this matter was alleged as a basis for recovery. The presence of a piece of gravel is alleged elsewhere in the petition and is material on a consideration of the general demurrers in relation to the part it played in the plaintiff's injuries. In *City of East Point* v. *Mason,* 86 *Ga. App.* 832, 834 (72 S. E. 2d 787) it was stated: "To require municipal corporations to keep sidewalks and streets free from loose gravel is to require the impossible from a standpoint of reasonable possibility both from a manpower and a financial point of view. Further, it does not seem unreasonable for a municipality to permit loose gravel to remain on streets and sidewalks and it would seem that ordinary travel over streets and sidewalks embraces travel over streets and sidewalks often covered or partially covered with loose sand or gravel. It is fundamental that a municipality is not an insurer of the safety of its streets and sidewalks." In *Butler* v. *Jones,* 85 *Ga. App.* 158, 162 (68 S. E. 2d 173) it was held that where "there is a concrete driveway used by pedestrian patients entering and leaving such premises, and a small stone is permitted to remain on the driveway near a step from the driveway to the clinic, the presence of the small stone creates no dangerous condition, and reasonable care did not require the defendant to prevent or remedy this condition." See also *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345 (4a) (170 S. E. 493). The allegations relating to the presence of the piece of gravel do not constitute actionable negligence on the part of the defendant, and the special demurrer raising this point was properly sustained.

■ ■ Code § 94-503 provides in part as follows: "All railroad companies shall keep in good order, at their expense, the

public roads or private ways established pursuant to law, where crossed by their several roads." This Code section applies to city streets. *Atlantic Coast Line R. Co.* v. *Donalsonville Grain & Elevator Co.*, 184 *Ga.* 291, 293 (191 S. E. 87). Violation thereof is negligence per se. *Central of Georgia Ry. Co.* v. *Dumas*, 44 *Ga. App.* 152(7) (160 S. E. 814). It was held in *Pollard* v. *Boatwright*, 57 *Ga. App.* 565(5) (196 S. E. 215), that an allegation that there were holes in the street between the defendant's tracks three to six inches deep might amount to negligence per se, the question being for the jury as to whether Code § 94-503 was violated, and that demurrers to these allegations were properly overruled. It may also be negligence as a matter of fact for a railroad company to maintain such a defective condition at a public crossing as to constitute a dangerous condition for persons lawfully using it. Whether the hole in the crossing described in this petition amounted to such negligence is a jury question. The petition here accordingly sets out a cause of action.

■ However, Code § 94-504, relating to the duty of the railroad to keep the approaches to the crossing safe as many feet beyond each way as is necessary for a traveler to get on and off the crossing safely, is immaterial to the cause of action alleged by the pleader here, since it is alleged that the place where the defect existed, and where the plaintiff slipped and fell, was on the crossing, not on the approaches thereto. Any failure to keep the approaches safe, therefore, would not be negligence as to the plaintiff in this case, it not being a part of the proximate cause of his injury.

■ One whose attention is necessarily diverted by reason of present or reasonably to be anticipated dangers is not held with the same degree of strictness to the observance of the ground beneath him as he would be in other circumstances. See *City of Rome* v. *Phillips*, 37 *Ga. App.* 299(2) (139 S. E. 828); *Glover* v. *City Council of Augusta*, 83 *Ga. App.* 314 (63 S. E. 8d 422). The petition here alleges a number of facts from which, if proved, it would be apparent that the plaintiff in crossing the railroad tracks at the time and place in question, had necessarily to guard against other dangers than the road beneath him. A pedestrian

stepping on a piece of gravel which in turn causes his foot to go into a hole in an area in which pedestrians are accustomed to walk, the presence of which is the alleged negligence against the defendant, is not necessarily so lacking in ordinary care for his own safety as to bar recovery, and the question is for the jury where facts are alleged from which an opposite conclusion is not plainly and palpably the only conclusion to be reached. See among the sidewalk cases: *Idlett* v. *City of Atlanta*, 123 *Ga.* 821 (51 S. E. 709), *Evans* v. *City of Atlanta*, 139 *Ga.* 443 (77 S. E. 378), *Mason* v. *Frankel*, 49 *Ga. App.* 145 (174 S. E. 546), *Coker* v. *City of Rome*, 53 *Ga. App.* 533 (186 S. E. 585), *City of Rome* v. *Hanson*, 57 *Ga. App.* 222 (194 S. E. 887), *City of Rome* v. *Richardson*, 62 *Ga. App.* 85 (7 S. E. 2d 927), *Robertson* v. *Liggett Drug Co.*, 81 *Ga. App.* 850 (60 S. E. 2d 268), *Bazemore* v. *MacDougald Construction Co.*, 85 *Ga. App.* 107 (68 S. E. 2d 163). From the allegations of the petition it was the existence of the hole which caused the plaintiff's injury; nevertheless, the plaintiff, according to the petition, did not blindly step into the hole, but he stumbled due to the presence of a piece of gravel, and for that reason his foot went into the hole and he was injured. The petition presents a jury question on the issue of the plaintiff's contributory negligence as well as on the alleged negligence of the defendant, and the trial court erred in sustaining the general demurrers and dismissing the petition, but properly sustained the special demurrers wherein the petition predicated the plaintiff's action on the alleged negligence of the railroad company in maintaining the crossing with a piece of gravel located thereon.

*Judgment reversed in part and affirmed in part. Carlisle, J., concurs. Gardner, P. J., concurs specially.*

GARDNER, Presiding Judge, concurring specially. This court, in the majority opinion, has ruled in this case that "The presence of a piece of gravel on a railroad crossing is not such negligence, as a matter of law, as will form the basis for recovery on the part of a plaintiff injured by reason thereof in an action against a railroad company." The facts show, in paragraph 13 of the petition, that "As the plaintiff reached the crossing, he was looking carefully in each direction and listening to the best of his ability

for any sign of an approaching train or automobile traversing the crossing and while plaintiff was so engaged he stepped on a piece of gravel on the asphalt crossing." In paragraph 14 of said petition the plaintiff set forth "When the plaintiff stepped down with his left foot the piece of gravel under his feet rolled, causing his foot to go into a large hole which was located on Church Street and between the defendant's tracks, said hole being approximately 6 inches deep and 12 inches in diameter. As a result of plaintiff's foot going into the hole" he was injured. There was no demurrer directed specifically to these paragraphs, the defendant setting forth that the petition set forth no cause of action; that same affirmatively shows on its face that the proximate cause of the plaintiff's injury was his own negligence, and that same affirmatively shows on its face that, by the exercise of ordinary care, the plaintiff could have avoided the alleged injury allegedly caused by the defendant's alleged negligence. Code § 94-503 provides and makes it the duty of the railroad company operating in this State, as follows: "All railroad companies shall keep in good order, at their expense, the public roads or private ways established pursuant to law, where crossed by their several roads . . . according to the spirit of the road laws." The following section, 94-504, sets forth: "Such crossings shall include the width of land on both sides of the road allowed by charter or appropriated by the company therefor, and as many feet beyond, each way, as is necessary for a traveler to get on and off the crossing safely and conveniently."

Whether the railroad company maintained such public roads or private ways in "good order" is a jury question. It has been held that a violation of Code §§ 94-503 and 94-504 is negligence per se and that it is not error to so charge the jury. *Central of Georgia Ry. Co.* v. *Dumas,* 44 *Ga. App.* 152 (7) (160 S. E. 814). Whether a crossing, coming within the purview of this law, is in "good order . . . according to the spirit of the road laws" has been ruled to be a jury question. See *Pollard* v. *Boatwright,* 57 *Ga. App.* 565 (196 S. E. 215).

The courts have uniformly held that a petition is not subject to demurrer where the allegations therein are that the railroad company being sued was negligent in not doing certain things or

in permitting certain conditions to exist relative to such crossing, which resulted in its failure to comply with the law in keeping a public crossing or private way (under Code § 94-503) in "good order", same being entirely a question for the jury.

The cases cited by the majority of the court have naught to do with the situation presented by the petition in the case sub judice as being subject to special demurrers (there being no special demurrers urged thereto, the ruling is necessarily based on the general demurrers). The case of *City of East Point* v. *Mason*, 86 *Ga. App.* 832 (72 S. E. 2d 787) deals with the requirements of municipal authorities "to keep their sidewalks and streets free from loose gravel"; and in *Butler* v. *Jones*, 85 *Ga. App.* 158 (68 S. E. 2d 173) this court deals with the fact that a small stone was permitted to remain on or near a step to a clinic. See also *Central of Georgia Ry. Co.* v. *Keating*, 177 *Ga.* 345 (170 S. E. 493).

The pleader in his petition may charge that a certain condition in the railroad crossing charged as a violation of Code §§ 94-503 and 94-504 is negligence, does not comply with the law in keeping and maintaining the crossing in good order, that this is a jury question and if the condition "could amount" to negligence, the pleading is not subject to demurrer. *Pollard* v. *Boatwright*, 57 *Ga. App.* 565, supra.

Since there were no special demurrers directed to the allegations in the 13th and 14th paragraphs of the plaintiff's petition to the effect that there was loose gravel on this public crossing upon which the plaintiff stepped and was caused to slip and stumble and then to fall into a hole in the asphalt with which such crossing was paved, I cannot agree *under the record in this case* with the statement that "As a matter of law, the presence of a piece of gravel on a railroad crossing is not negligence and the trial court did not err in sustaining the special grounds of demurrer wherein this matter was alleged as a basis for recovery."

As this case is reversed as to the ruling of the trial court that the plaintiff was not entitled to recover under the allegations of the petition (to which ruling I agree), I specially concur in the judgment of the majority opinion, wherein the judgment is reversed in part and affirmed in part.