## 38250. SOUTHERN RAILWAY SYSTEM v. YANCEY.

FRANKUM, Judge. This is the second appearance of this case in this court. The first, *Yancey v. Southern Ry. Co.,* 99 Ga. App. 493 (109 S. E. 2d 300), determined the sufficiency of the pleadings as setting forth a cause of action. A summary of the plaintiff's petition may be found in that decision. After the above mentioned decision of this court, the case was tried in Cobb Superior Court, and a verdict was rendered against the defendant for $7,500. On the trial the plaintiff testified as to the location of the tracks, the size of the hole and the length of time it had remained at the crossing. He further testified that he was walking along Church Street and began crossing the defendant's railroad tracks on which many trains travel each day; that there was a hole some 15 inches in diameter and 6 inches deep in the asphalt pavement between the rails, and as the plaintiff stepped some 5 inches to the side of the hole, his foot slipped on some gravel and slid into the hole causing his injury. The plaintiff testified that he had seen the hole previously on his daily trips between his house and his business, but that his attention was diverted to look for approaching trains on the defendant's tracks.

Other witnesses testified as to the traffic on Church Street and Bankhead Highway, together with testimony concerning the number of trains traveling on the defendant's tracks. A physician testified for the plaintiff concerning the plaintiff's injury, operation and disability.

At the conclusion of the plaintiff's evidence, the defendant did not introduce any evidence, but moved for a directed verdict, which was denied by the trial court. After the verdict of the jury in favor of the plaintiff, and within the time allowed by law, the defendant filed a motion for judgment non obstante veredicto and, in the alternative, a motion on the general grounds for a new trial, which was later amended to add special grounds. To the overruling of these motions the defendant excepted.

1. Under the rulings of *Durden v. Henderson,* 212 Ga. 807 (96 S. E. 2d 362), and *Southwind Trucking Co. v. Harvey,* 96 Ga. App. 715 (101 S. E. 2d 223), the defendant's motion not obstante veredicto was without merit since on the

conclusion of the plaintiff's evidence, the defendant had not introduced any evidence, and, therefore, there was no proper motion for a directed verdict which is a prerequisite for a motion non obstante veredicto.

2. The ruling in *Yancey v. Southern Ry. Co.*, 99 Ga. App. 493, supra, is the law of this case, and proof of allegations which were held to set forth a cause of action was sufficient to authorize a recovery. The record reveals that the plaintiff introduced evidence to support the allegations of his petition. It was held in headnote 2 of the *Yancey* case: "A jury may be authorized to find that the presence of a hole six inches deep and twelve inches in diameter in a paved street on a railroad crossing constitutes negligence as a matter of fact against a railroad company in an action by a plaintiff pedestrian who was injured by a fall on the railroad crossing proximately resulting from the presence of such hole. Such jury may also find that the presence of the hole amounts to a violation of *Code* § 94-503, and constitutes negligence per se. Accordingly, the petition here containing these allegations was not subject to general demurrer. . . The petition presents a jury question as to whether or not the plaintiff was guilty of any negligence contributing to his injuries and as to whether or not he could have avoided his injuries by the exercise of ordinary care."

Whether the plaintiff exercised ordinary care and diligence for his own safety was a question for the jury. The facts specified by the defendant in the brief of evidence, which the defendant contends were at variance with the allegations of the petition, were to be considered by the jury in connection with the other testimony to determine whether or not the defendant's negligence proximately caused the plaintiff's injury, or whether the plaintiff failed to exercise ordinary care for his own safety. There is no merit in the general grounds of the motion for a new trial. The evidence was sufficient to support the allegations of the plaintiff's petition without, at the same time, disproving the plaintiff's right to recover. Although the case was close as to the facts, the jury decided the facts adversely to the defendant. The jury was authorized to conclude that if the hole had not been present, the plaintiff would not have received the injury, and that the presence of such hole was a negligent maintenance

and a violation of a duty to maintain the crossing imposed by *Code* § 94-503, which precipitated the plaintiff's injury.

3. The defendant assigns as error the charge on the preponderance of the evidence as set forth in *Code* § 38-107, which omitted the phrases "all the facts and circumstances of the case," and "the nature of the facts to which they testified." As to the first quotation we feel that the trial court's charge ". . . when you determine this question of where the preponderance lies, you may consider all the facts and circumstances," was substantially in the language of the Code, and we do not see any harmful error committed. As to the omission of the latter quoted provision, we also feel there was no harmful error. The charge, as a whole, was adequately adjusted to the evidence of the case. The trial jurors are selected for their intelligence and uprightness and would hardly need to be told that, in weighing the evidence, they should take into consideration the nature of the facts to which the witnesses had testified. Though the better practice is to charge the entire Code section, we do not feel that the inadvertent omission was harmful. See *Yellow Cab Co. v. McCullers*, 98 Ga. App. 601 (106 S. E. 2d 535); *Cotton States Mutual Ins. Co. v. Rentz*, 95 Ga. App. 887 (99 S. E. 2d 438); *State Highway Board v. Bridges*, 60 Ga. App. 240 (3 S. E. 2d 907).

4. In giving the contentions of the plaintiff the trial judge stated in part as follows: "That the defendant was negligent . . . in allowing the piece of gravel to be on the asphalt pavement of said crossing adjacent to the hole in which the plaintiff fell." The defendant complains that this language was harmful because this contention was removed from the case. Though this particular specification of negligence had been stricken by demurrer, any harmful inference was removed by the further charge on the applicable law as follows: "The presence of a piece of gravel on a railroad crossing, if any, may be considered in relation to the part it played, if any, in injuries the plaintiff claimed. As a matter of law, however, the presence of a piece of gravel on the railroad crossing is not negligence and can not be the basis for the recovery of a claim in a case with nothing else appearing."

5. Special ground 6 of the amended motion for a new trial com-

plains of the trial court's refusal to give a request to charge. As stated in the defendant's brief, the request for the charge was quoted almost verbatim from the 9th headnote in the case of *Holliday v. Mayor &c. of Athens,* 10 Ga. App. 709 (74 S. E. 67). It has been repeatedly held that a request shall not only embody a correct and accurate statement of the law, but must be applicable to the issues and the evidence (*Southern Ry. Co. v. Cowan,* 52 Ga. App. 360, 183 S. E. 331), and the refusal of a request to charge is not error unless the charge requested is, itself, correct and perfect (*Goodwin v. Allen,* 89 Ga. App. 187, 78 S. E. 2d 804; *Hunt v. Pollard,* 55 Ga. App. 423, 190 S. E. 71). In the *Holliday* case, supra, an attack was made on the very charge which was requested to be given in the instant case. The court, in the body of its opinion, stated that the charge was not an accurate statement of the rule, but declined to hold it a reversible error when considered with the charge as a whole. Though the requested charge may not be so erroneous as to require a reversal, if given, it is inaccurate to the extent that a trial court might properly refuse it as a request to charge.

In addition, the trial court sufficiently charged the jury on the proposition of law requested by the defendant, when he charged that the "plaintiff must have been in the exercise of ordinary care to protect himself against any damage which may have occurred on the part of the defendant."

The defendant has specifically abandoned special grounds 6 and 7 of its amended motion for a new trial. The trial court did not err in overruling the defendant's motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*

DECIDED JUNE 23, 1960—REHEARING DENIED JULY 13, 1960.

*Scott Edwards, Matthews, Maddox, Walton & Smith, John W. Maddox,* for plaintiff in error.

*Bullock, Yancey & Mitchell, Harris Bullock, Kyle Yancey,* contra.