40274.   CITY  OF  LOUISVILLE  v.  CLARK.

DECIDED SEPTEMBER 26, 1963.

**390**

*Abbot & Abbot, James C. Abbot,* for plaintiff in error.
*Marshall L. Fountain,* contra.

FELTON, Chief Judge. 1. Special ground 1 complains of the trial judge's omission of the phrase, "the nature of the facts to which they testified," from his unrequested charge in the substantial language of *Code* § 38-107, i.e., as to the factors the jury may consider in determining where the preponderance of evidence lies.

"While both the Supreme Court and this court have held that the better practice in charging on this Code section is to instruct the jury with respect to all of the elements set forth in the Code section, nevertheless, it is not the intention of this rule as announced by the courts that the judge should in every instance charge the entire section. *Fountain v. McCallum,* 194 Ga. 269, 276 (21 SE2d 610). It is not always error to omit from the charge some of the elements of this Code section. *Palmer-Murphey Co. v. Barnett,* 32 Ga. App. 635 (6) (124 SE 538); *George v. McCurdy,* 42 Ga. App. 614 (2) (157 SE 219); *Travelers Indemnity Co. v. Paramount Publix Corp.,* 52 Ga. App. 239 (2) (182 SE 923); *Cedrone v. Beck,* 74 Ga. App. 488 (1) (40 SE2d 388). Each case must rest on its own facts." *Yellow Cab Co. v. McCullers,* 98 Ga. App. 601 (106 SE2d 535). This court has held specifically that omission of the phrase "the nature of the facts to which they testified" in charging this Code section is not necessarily reversible error in the *Yellow Cab Co.* case, supra, as well as in the case of *Southern R. System v. Yancey,* 102 Ga. App. 159, 161 (3) (115 SE2d 693), in which it is pointed out that "[t]he trial jurors are selected for their intelligence

and uprightness and would hardly need to be told that, in weighing the evidence, they should take into consideration the nature of the facts to which the witnesses had testified." Another reason such omission will not necessarily require the grant of a new trial is given in *Travelers Ins. Co. v. Anderson*, 53 Ga. App. 1 (1) (184 SE 813): "The provisions of the Code of 1933, § 38-107, as to matters to be considered by the jury in determining where the preponderance of the evidence lies in a civil case, not relating to a 'substantial, vital, and controlling issue presented by the pleadings and evidence' (*Rome R. &c. v. King*, 33 Ga. App. 383, 126 SE 294) in any case, but relating only to a matter merely incidental and collateral to the main issues (*Smith v. Page*, 72 Ga. 539), are not such as that a failure of the court to charge concerning it, in the absence of a timely written request, will require the grant of a new trial. *Askew v. Amos*, 147 Ga. 613 (5) (95 SE 5), and cit.; *Robinson v. State*, 114 Ga. 445 (40 SE 253), and cit."

In the present case the nature of the facts testified to was that of the adequacy and location of a street barricade with regard to motorists' safety and of the existence of a hole in a street. While the policeman who testified as to both these facts might be expected to have had a certain amount of experience in such matters due to the nature of his work, the plaintiff, a motorist and a traveling salesman who had driven over these and other roads with frequency and had doubtless encountered many such barricades, could be considered at least equally as competent to testify on the subject as the policeman, who was not shown to be an expert in this area. "The omission of the trial judge to instruct the jury in this respect was doubtless inadvertent and to our mind the inaccuracy was not of sufficient materiality to require another trial. It was as much error against the plaintiff as against the defendant and we cannot say that it was so much more harmful to the defendant than to the plaintiff as to require reversal of the case on account of this insignificant omission in the charge of the trial judge. *Southern Bell Tel. & Tel. Co. v. Shamos*, 12 Ga. App. 463, 469 (77 SE 312)." *Yellow Cab Co. v. McCullers*, 98 Ga. App. 601, 605, supra. The trial court did not err in overruling special ground 1 of the motion for new trial.

2. Special grounds 2 and 3 complain that the court erred in failing to specifically and properly charge the jury as to proximate cause. The judge charged this principle several times by exclusion, i. e., by instructing the jury that if the defendant was negligent in the respects charged, and the plaintiff could have avoided the negligence alleged, by the exercise of ordinary care for his own safety, and if he was not in the exercise of ordinary and reasonable care, then he would not be entitled to recover. The court charged the general principle that "the duty of a municipality to keep its streets in reasonable safe condition for travel is ministerial and *it is liable in damage to a person sustaining injuries proximately caused by its failure to discharge its duty*," then charged as follows: "If the jury should believe that the plaintiff suffered injuries as alleged *and that the same was due to the negligence of the defendant*, as alleged, and the plaintiff could not have prevented the same by the exercise of ordinary care on his part, he would be entitled to recover on account of the damage sustained, on the other hand, if the jury should believe that the plaintiff suffered injuries as alleged *but that the same was due not to the negligence of the defendant* but of the plaintiff himself or if due to negligence of the defendant, the same could have been discovered by the plaintiff and injury prevented by the exercise of ordinary care for his own safety, the plaintiff would not be entitled to recover." The requisite degree of specificity of such a charge is stated by Judge Russell in *Atlantic C. L. R. Co. v. Moore*, 8 Ga. App. 185, 194 (68 SE 875), as follows: "Of course, the court was required to charge the jury that they must find the specific acts of negligence to have been the proximate cause of the injury; but the judge was not required to needlessly repeat the instruction in totidem verbis that the negligence charged must be the proximate cause of the injury . . . In actions for damages for personal injuries the jury should of course be informed that an act of negligence which is not the proximate cause of the injury should not be considered; but in the absence of a request for specific instructions upon that point, the fact that the idea is conveyed indirectly, and otherwise than by a pointed statement to that effect, though plainly, does not afford ground for a new trial."

In the *Atlantic C. L. R. Co.* case, supra, the term "proximate cause" was not even used. The portions of the charge in the present case, quoted hereinabove, were an adequate instruction on the principle of proximate cause; therefore, the court did not err in overruling the special grounds 2 and 3.

The general grounds of the motion were expressly abandoned and hence are not considered; none of the special grounds was meritorious. There was, therefore, no error in refusing to grant a new trial.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*